## BITTINGER *v*. PROVIDENCE WASHINGTON INS. CO.

*(Circuit Court, D. Colorado. August 3, 1885.)*

FIRE INSURANCE—PLEADING PERFORMANCE OF CONDITIONS OF POLICY—ANSWER —EVIDENCE.

Where, in an action on a policy of fire insurance, plaintiff alleges generally that he has fulfilled the conditions of the policy, and the insurance company answers generally that he did not observe all the conditions of the policy, without pleading specially the breach of such conditions, plaintiff is not bound to prove affirmatively that he has fulfilled all of such conditions, nor can the company show that some of such conditions were not fulfilled.

At Law.

*Sam. P. Rose*, for plaintiff.

*Patterson & Thomas*, for defendant.

HALLETT, J., (*orally*.) Mr. George W. Bittinger brought an action against the Providence Washington Insurance Company, on a policy of insurance. He alleged in general terms that he fulfilled the conditions of the policy; I believe set out the policy also. The defendant answered in the like general terms that he did not observe the conditions of the policy. "Defendant, further answering, denies that on the first day of November, 1883, or at any other time, said Atkinson gave notice of proof of loss, as provided in said policy, and denies that said Atkinson performed all and singular the conditions of said policy on his part to be performed."

At the trial the defendant contended that upon this state of the pleadings, the plaintiff was bound to prove affirmatively that he had fulfilled and executed all the terms of the policy; and if that was not true, that the defendant was at liberty to offer evidence to the point that some of the conditions had not been fulfilled; as, that the property was allowed to remain vacant and unoccupied for some time, and that it was not kept in operation, the property being a mill and

furnace and the like; that no watchman was kept on the premises, as required by the terms of the policy, and perhaps some other things of the same character. This evidence was excluded, on the ground that such defense must be pleaded specially. The question has been argued on motion for new trial, and I see no reason to reverse the ruling which was made at the trial. It is laid down in the books that it is not necessary to set forth in the complaint a condition subsequent, and that a defendant relying upon it must plead it. This is true under systems of pleading which admit of more general defenses than ours. Under the Code of this state it is provided that the answer shall be special. No doubt is entertained that this requires a specific denial to each allegation in the complaint; and if it be said that the plaintiff has declared only generally, (there is some doubt upon that, inasmuch as he has set forth the policy in his complaint,)—if the defendant accepted that method of declaring,—he was still bound to plead his defense specially. In section 586, May, Ins., the rule is so laid down. I think there can be no doubt as to its correctness. It would be extraordinary if a plaintiff, coming into court with one of these policies of insurance, should be bound to have witnesses to everything that is set down in the policy; to prove everything which may be set up as a defense. I say that would be most remarkable, and nobody would have greater reason to complain of it than the insurance company itself, because, if plaintiff should be fortified in, all points with an extraordinary number of witnesses, the cost would be very great. The rule is that in respect to all such matters the insurance company must plead its defense specially, in order that it may put the matter in issue.

The motion for new trial will be denied, and judgment on the verdict.