McNulty & Lenan, Appellees, v. D. W. Stearns, Appellant.

Building Contracts : CONSTRUCTION. Under a contract between a contractor and a sub-contractor whereby the latter was to supply a part of the labor and materials for a certain building, and providing that the principal contractor should not be liable for any damage that might occur from delays on the part of other contractors on said building, *held*, that the principal contractor was not liable for damages sustained by said sub-contractor through the delay of another contractor to supply certain materials as needed, although the agreement of the principal with such other contractor did not require said materials to be so delivered, but simply that the delivery should be completed by a date named.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Saturday, May 21, 1892.

ACTION in equity to ascertain and settle the amount, validity and priority of claims of sub-contractors for materials furnished and labor performed in the erection of a schoolhouse. There was a hearing on the merits,

and a decree rendered in favor of the plaintiffs, reforming an agreement between the plaintiffs and the defendant, Stearns, and fixing the amount to which they are entitled at two thousand, six hundred and twenty dollars and sixty-five cents. From that decree the defendant appeals.—*Affirmed.*

*Henry S. Wilcox,* for appellant.

*McHenry, Jones & McHenry,* for appellees.

ROBINSON, C. J.—In June, 1888, the plaintiffs entered into an agreement with the independent district of Des Moines to furnish all labor and material required for, and to erect and complete, a high school building according to plans and specifications made by architects named, for the sum of fifty-two thousand, four hundred and twenty-five dollars. Soon after that agreement was made the plaintiffs and the defendant, Stearns, entered into an agreement, by virtue of which Stearns agreed to furnish a part of the material and labor required by the agreement with the district. The agreement between the plaintiffs and Stearns was in writing, and, as originally drawn, was dated June 21, 1888, and required Stearns to furnish the material and labor necessary to make and complete the excavation and the stone and brick work, and the iron work pertaining thereto, for the sum of twenty-three thousand, six hundred and fifty dollars. It also contained this provision: "The party of the first part [McNulty & Lenan] shall not be liable for any damages that may occur from delays or other causes on the part of other contractors on said building, but the party of the second part must look to the party causing such damages, if any." The plaintiffs claim that after the agreement in question was drawn, but before it was signed, it was modified by omitting the cut stone from the material which Stearns was required to furnish, and by reducing the contract price

to fifteen thousand, seven hundred and fifty dollars, but that, by mistake, the requirement on the part of Stearns to furnish the cut stone was not excepted from the agreement when signed, and the price he was to receive was erroneously specified to be fifteen thousand, six hundred and fifty dollars. A reformation of the instrument in these respects is asked. The evidence shows that the contract price, as originally written, was expressed thus: "The sum of twenty-three thousand, six hundred and fifty ($23,650) dollars." This had been altered by erasing "twenty-three" in words and figures, and inserting in lieu thereof "fifteen" in words and figures.

The defendant, Stearns, contends that the instrument was signed as originally drawn, but that afterwards, and about the second day of July, 1888, it was modified by an oral agreement, which required the plaintiff to provide the cut stone as needed for use; that such stone was not furnished as required; and that Stearns sustained damage, including loss of profits, by reason of the delay, in the sum of nearly six thousand dollars. He further claims that, as this delay was caused by the plaintiffs, the right to recover of them damage therefor was not waived by their agreement.

There is no dispute as to the fact that the agreement as originally drawn has been modified, but the time and character of the modification are of vital importance to a correct determination of the case. If the claim of the plaintiff in regard to it is correct, the decree of the district court should be affirmed, but, if not, it should be reversed. It is not possible to reconcile the evidence in regard to the modification. The testimony of some witnesses who must have known the facts is in direct conflict with that of others who must have been equally well informed. After a careful examination of all the evidence presented we reach the conclusion that it fairly establishes the following facts:

After the agreement was drawn, but before it was signed, negotiations were had between the defendant and one Rowatt for the purpose of having the latter furnish the cut stone. He did not wish to contract with Stearns for it. A bond to secure the performance of his agreement was required by the plaintiffs of Stearns, with four sureties named. He was unable to procure them. These, and perhaps other, reasons led to a modification, by which Stearns was released from his obligation to furnish the cut stone, and the price thereof, seven thousand and nine hundred dollars, was deducted from the amount he was to receive under the agreement. His bond, with but two sureties, was accepted, and a contract for the cut stone was let by the plaintiffs to Rowatt. That was done on the twenty-seventh day of June, 1888, and the agreement in question was formally signed at about the same time. It was not changed after it was signed. Stearns knew that Rowatt had the contract to furnish the cut stone, and that he was responsible for the delay in furnishing it. Rowatt was one of the "other contractors" provided for in the agreement, for whose delay the plaintiffs were not liable.

It is insisted, however, that the plaintiffs are responsible for the delay, notwithstanding that provision in the agreement, for the reason that their agreement with Rowatt did not require him to deliver the cut stone by the time it was needed for use. That agreement did not, in terms, require the stone to be delivered as needed, although it provided that it should be fully completed and delivered by the twenty-fifth day of September, 1888. But no question of the proper interpretation of that agreement, or the liability, if any, of Rowatt to Stearns for delay in furnishing the stone, is before us for our determination. Stearns evidently knew of that agreement; but, whether he did or not, his agreement was broad enough

to cover delays under it.   Had he desired to protect himself against loss resulting from the failure of the plaintiffs to require a sub-contractor to deliver material when needed, the provision in regard to other contractors should have been so drawn as to meet that case.   Had it been omitted entirely, Stearns would have had much better ground for complaint than he now has.   But, in the absence of bad faith on the part of the plaintiffs, he cannot now recover of them for Rowatt's delay.

The decree of the district court is AFFIRMED.