[No. 2476.]

THE UNITED STATES CASUALTY COMPANY v. HANSON.

1.  **Accident Insurance—Pleading—Conditions.**

    In an action upon an accident insurance policy, a breach of conditions of the policy by the insured is a matter of defense and must be specially pleaded.

2.  **Accident Insurance—Visible Marks—Evidence.**

    In an action upon an accident insurance policy containing a condition that there must be a visible mark of the injury upon the body before there could be a recovery thereon, evidence of the shrinkage of the muscles of the hip and leg, and lameness of the leg, and the breaking down of the bones at the joints, satisfied such condition.

3.  **Accident Insurance—Conditions—Wild and Uncivilized Country.**

    An accident which occurred at a sawmill camp in which about 300 people resided, 35 miles from a railroad station, in the province of Ontario, Canada, was not sustained in a wild or uncivilized country such as would preclude a recovery on an accident insurance policy with an attached condition that the injury must not have been sustained in a wild or uncivilized country.

4.  **Accident Insurance—Total Disability.**

    A supervising builder while engaged in the construction of a mill fell and sustained an injury which at the time he thought was slight, but in about ten days he became lame and, while he remained at the mill for several months until it was finished, he was unable to do the work of supervision and employed another to do it. Afterwards he spent several weeks at various sanitariums and, while he was able to travel unattended to various parts of the United States in search of medical and surgical aid and to give some attention to his correspondence, and was in possession of his mental faculties, substantially his entire time and attention were given in trying to obtain relief from the injury. And from his suffering and anxiety and the time devoted to his efforts to obtain relief he was entirely incapacitated

for business. Held, that he was totally disabled within the meaning of an accident insurance policy which insured him against bodily injuries which should "independently of all other causes, immediately, wholly and continuously disable him from transacting any and every kind of business."

5. Accident Insurance—Permanent Injury—Evidence.

In an action upon an accident insurance policy where at the time of the trial, more than three years after the accident, plaintiff, who was then 60 years old, was still under the treatment of surgeons and his condition was unimproved, and there was evidence that on account of the injury he was seriously lame and the muscles of his hip and thigh had wasted and the limb had shrunk, and that he was suffering from a chronic inflammation of the hip joint, the jury was justified in finding that he was permanently disabled.

6. Accident Insurance—Sole Cause of Injury—Advice of Physicians—Negligence of Insured.

In an action upon an accident insurance policy where the evidence showed that plaintiff failed to follow the advice of a physician who correctly diagnosed his case, but did follow the advice and treatment of other physicians who incorrectly diagnosed his case and treated him for rheumatism, a verdict of the jury acquitting him of negligence in so doing and finding that the injury received by a fall was the sole cause of his condition should not be disturbed.

7. Accident Insurance—Notice—Failure to Discover Cause of Injury.

In an action upon an accident insurance policy where at the time of the accident plaintiff thought he was not injured, and for several months afterwards he and his physicians attributed his suffering to rheumatism instead of to the accident, his failure to give notice of the injury within ten days as required by the policy would not defeat his action where he gave notice as soon as he learned from a correct diagnosis of his case that his condition was the result of the injury from the accident.

8. Accident Insurance—Permanent Disability—Premature Action—Waiver.

Where an action for permanent disability was brought within two years from the date of the injury upon an accident insurance policy which precluded the bringing of an action for permanent disability within two years, but trial was had after the expiration of the two years, and defendant by its answer denied any liability whatever under the policy because of a failure to give notice of the injury, the provision of the policy requiring that suit should not be brought for permanent disability within two

years from the date of the injury was waived by the denial of all liability thereunder, and defendant could not object to a judgment for the full amount of the policy on the ground that the action was prematurely brought.

*Appeal from the District Court of Arapahoe County.*

Mr. JAMES H. BROWN and Mr. ANDREW W. GILLETTE, for appellant.

Messrs. WARD & WARD, for appellee.

GUNTER, J.

This is an action upon a policy of accident insurance, and resulted in a verdict and judgment for the plaintiff, appellee.

1.    Attached to the policy were numerous conditions which, not satisfied, would defeat a recovery, among them a visible mark of the injury on the body of insured; also the injury must not have been sustained in a wild or uncivilized country.

It is said this action must fail because the injury satisfied neither of these conditions.   A breach of such conditions was a matter of defense and could be availed of only by being specially pleaded.   This was not done.

''It would be extraordinary if a plaintiff coming into court with one of these policies of insurance should be bound to have witnesses to everything that is set down in the policy to prove everything which may be set up as a defense. I say it would be most remarkable, and nobody would have greater reason to complain of it than the insurance company itself, because, if plaintiff should be fortified on all points with an extraordinary number of witnesses, the cost would be very great.   The rule is that in respect to all such matters the insurance company must plead its defense specially in order that it may put the matter in issue.''—*Bittinger v. Providence Washington*

*Insurance Company*, 24 Fed. 549; *Knights of Honor v. Wollschlager*, 22 Colo. 213; *American Ins. Co. v. Barr*, 68 Fed. 873.

Further, as to both conditions there was evidence bringing the case within them. The shrinkage of the muscles of the hip and leg, and the lameness of the leg, were visible marks of the injury within the authorities; so was the breaking down of the bones at the joint, which was perceptible to digital examination.—*Union Casualty Ins. Co. v. Mondy*, 18 Colo. App. 395; *Mutual Accident Asso. v. Barry*, 131 U. S. 111; *Pennington v. Insurance Company*, 85 Iowa 440; *Thayer v. Insurance Company*, 68 New Hampshire 577; *U. S. Mutual Accident Asso. v. Newman*, 84 Va. 52, 54; *Gale v. Mutual Aid and Accident Association*, 66 Hun, 600.

The accident occurred in a sawmill camp, in which some three hundred people were residing, distant about thirty-five miles from a railroad station in the Province of Ontario, Dominion of Canada; therefore, not in a wild or uncivilized country.

2. Appellant insured appellee, by occupation a supervising builder, against bodily injuries which should "independently of all other causes, immediately, wholly and continuously disable him from transacting any and every kind of business."

It is said that the injuries sustained by appellee did not so disable him.

The only evidence was that offered by appellee; this was, that June 7, 1897, appellee, while supervising the construction of a mill, fell, striking the base of his spine on a rock. By this he was seriously injured, but at the time thought it a trivial matter, not worthy of calling to the attention of appellant. In about ten days a lameness in one of his hips developed and he experienced severe pains in the thigh. He was unable on account of his crippled con-

dition and suffering to continue his work, and employed an experienced man to take his place.

He remained at the mill until it was completed in October following, but was incapacitated from personally doing the substantial acts necessary to the work of supervision, such acts being entrusted to the man he had employed. During this time appellee thought he was suffering from rheumatism, and took medicine for that supposed disorder. From October, 1897, to February, 1898, practically all of appellee's time was devoted to taking treatment for his supposed ailment, rheumatism. During this time he was treated by several different physicians, and spent weeks at various sanitariums, the treatment of the different physicians, and at the various sanitariums being for rheumatism.

February 4, 1898, he submitted himself to Dr. Eskridge, who attributed his condition to the injury of June, 1897. Dr. Eskridge advised a course of treatment, but appellee deemed it wise to take the advice of other physicians and surgeons presumed to be reputable, and remained under their charge almost continuously to the date of the trial of this cause, November 21, 1900.

While appellee has been able to travel unattended to various parts of the United States in search of medical and surgical aid, has been able to give some attention to his correspondence, and has been in possession of his mental faculties, he has given substantially his entire time and attention to obtaining relief from the condition brought about by the injury, and has through the time so given, and the suffering and anxiety attendant upon his injury, been entirely incapacitated for business.

"Total disability contemplated by the instrument does not mean a state of absolute helplessness. The plaintiff might have been able to walk, he might

have been able to ride on the cars to his physician's office, and still have been entirely incapacitated for work or business. In view of the object of the contract, we think, that if he was so incapacitated he was totally disabled within the meaning of the policy."— *Mutual Ben. Ass'n v. Nancarrow*, 18 Colo. App. 274.

"As long as one is in full possession of his mental faculties, he is capable of transacting some part of his business, whatever it may be, although he is incapable of physical action. If the words 'wholly disable him from transacting any and every kind of business pertaining to the occupation under which he is insured,' were to be construed literally, the defendant would be liable in no case, unless by the accident the insured should lose his life or his reason. * * * It is certain that neither party intended such a result."—*Thayer v. Ins. Co., supra.* See, also, *Hooper v. Accident Company*, 5 Hurl. and N. 545, 546; *Turner v. Casualty Company*, 112 Mich. 425; *McMahon v. Supreme Council*, 54 Mo. App. 468.

"The object to be accomplished by this contract was, indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy. He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution. If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was able to do and perform one only, he was as effectually disabled from performing his business as if he could do nothing required to be done, and while remaining in that condition he would suffer loss of time in the business of his occupation."—*Young v. Insurance Co.*, 80 Me. 244, 248.

At the time of the trial, November 21, 1900, he

was still under treatment by certain surgeons in Chicago, and his condition was unimproved. There was evidence reasonably tending to show that at the time of the trial, as a consequence of the injury, appellee was seriously lame, that the muscles of the right hip and thigh had wasted and the limb had shrunk, and that he was suffering from a chronic inflammatory affection involving the hip joint, which was apt to be progressive. He was then sixty years of age, and the jury was fully justified in believing that he was permanently disabled. We feel satisfied that the evidence was sufficient, in view of the purpose of the policy, which was to indemnify appellee against loss of time by reason of his injury, to go to the jury on the question of his having been wholly, continuously and permanently disabled by the injury alone from transacting any and every kind of business.

3. The policy provides that the injury received must be the sole cause of the disabled condition of appellee.

As stated, in February, 1898, appellee was examined by Dr. Eskridge, and by him advised as to the course of treatment, but failed to follow it. It is said in this he was guilty of negligence, which negligence materially contributed to his subsequent disabled condition, and that, therefore, the injury originally received was not the sole cause of appellee's condition.

While appellee did not follow the advice of Dr. Eskridge, he did follow the treatment of other physicians presumably of standing, and we cannot say that the verdict of the jury in acquitting him of negligence in so doing should be disturbed.

4. The policy provides that written notice shall be given appellant within ten days of the event caus-

ing the accident, with full particulars of such accident and injury for which claim is made.

The accident in question occurred June 7, 1897, and the notice thereof was not given the company until February, 1898. It is said this is fatal to a recovery.

The further facts are, appellee did not know, nor did the physicians and surgeons to whom he submitted himself for extended treatment, that the accident was the cause of his injuries until February 4, 1898, when the examination was made by Dr. Eskridge. Prior to that time, and even subsequently, physicians determined his condition to be due to rheumatism. There was no bad faith upon his part in failing to give the notice. Within the prescribed time after he knew that the accident was the cause of his injuries he notified appellant. Within the authorities this was all that the policy reasonably required of him. This construction will not work a forfeiture, nor will it require an impossibility of appellee. Such a provision should receive a liberal and reasonable construction in favor of the beneficiaries under the policy.—*Trippe v. Soc.*, 140 N. Y. 23.

"It is claimed that the plaintiff did not give timely notice of his injury in accordance with the provisions of the charter and by-laws. Notice was served upon the company with promptness after he had been informed by one of his physicians that his illness did not result from disease but from accident. It would be a hard rule, and one which the rules of the company must place beyond doubt, which would deprive a member of his benefits through the mistakes of his physician. The notice was served as soon as he ascertained that the accident with which he had met was the occasion of his trouble. We think this a sufficient compliance with the by-laws."—*Phillips v. Ben. Soc.*, 120 Mich. 147; *Ins. Co. v. Boykin,*

12 Wal. 436; *Mfrs. Ins. Co. v. Fletcher*, 5 Oh. Cir.
633; *Odd Fellows v. Earl*, 70 Fed. 21; *Peele v. Soc.*,
147 Ind. 549.

"Where the policy stipulates that immediately
upon the happening of the accident which may result
in death, a surgeon shall be called, and notice of the
accident shall be given within a limited time, a fail-
ure to do either will not affect the right to recover,
unless it amounts to negligence; as where a laborer
receives a fall, the serious nature of the consequences
of which is not at first revealed, and is of such an
apparently trivial character as not then to interrupt
his work."—Vol. 2 May on Insurance, 539.

5. The policy provides that if, after expiration
of two years from the date of the injury, it is satis-
factorily proven that the injuries sustained have con-
tinuously therefrom disabled and will alone perman-
ently and entirely disable the insured during life,
from any and all occupations, he shall receive a sum
which, together with the indemnity already paid for
such injuries, shall amount to two thousand dollars.

The injury was sustained June 7, 1897, this
action instituted August 30, 1898, and tried Novem-
ber 21, 1900. The verdict was that appellee by the
injury was permanently and entirely disabled for
life from any and all occupations, and awarded dam-
ages in the sum of two thousand dollars; judgment
went accordingly.

The answer denied any liability whatever under
the policy because notice of the event causing the
accident had not been given as provided therein. It
is said the action for the full amount of the policy
was prematurely brought, it being instituted before
the expiration of two years from the date of the
injury. This provision of the policy requiring that
suit should not be brought for the full amount before
the expiration of two years provided therein was

waived by the denial of all liability thereunder.—
*Hartford Ins. Co. v. Smith,* 3 Colo. 422, 426; *Cali.
Ins. Co. v. Gracey,* 15 Colo. 70; *Cobb v. Ins. Co.,* 11
Kan. 93; *Phillips v. U. S. Benevolent Soc.,* 120 Mich.
142, 146.

The issues in the case were as to the effects of
the injuries received, and as to the giving of notice
of the accident. These were submitted to the jury
under fair instructions, and found by it for appellee.

Appellant insured appellee against injuries sus-
tained through an accident of the character set out in
the policy. Appellee met such an accident. Appel-
lant should respond for the injuries thereby sustained
in the amount provided by the policy. We think no
error was committed below substantially prejudicing
the rights of appellant.

Judgment affirmed.                           *Affirmed.*