## Sheehan *v.* Pittsburg, Appellant.

*Contract—Municipal contract—Opening street—Delay.*

Where a municipal contract for the construction of a street is based on the assumption by both the city and the contractor that the complete right of way had been secured by the city, a delay caused by the failure to obtain the complete right of way is not within the meaning of a provision of the contract that all loss or damages from unforeseen obstructions and difficulties and from delay, should be borne by the contractor. In such a case a provision of a contract for extension of time only on the written assent by the director of public works is not applicable.

Where a municipal contractor is delayed in completing his work by the fault of the city, he may either abandon the work, or continue it and claim the damages caused by the city's fault.

Where a dispute between a municipal contractor and a city as to grading is one of amount alone, and it appears that the city might have settled the amount conclusively by measuring and certifying it, but did not do so, the question in dispute is for the jury.

Argued Oct. 25, 1905. Appeal, No. 85, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 300, on verdict for plaintiffs in case of John C. Sheehan et al. v. City of Pittsburg. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a municipal contract for the construction of a street. Before FRAZER, P. J.

At the trial it appeared that on September 16, 1896, the city of Pittsburg entered into a contract with W. E. Howley & Co. for the construction of a street known as the Grant Boulevard. This contract was subsequently assigned to Werneberg, Sheehan & Company, plaintiffs. Both parties to the contract assumed that the complete right of way had been acquired by the city. It turned out that this was not the case, and that by reason of the delay in securing the right of way the contractors were subjected to a large loss.

The contract contained the following provisions:

" All loss or damage arising out of the nature of the work to be done under this contract or from any unforeseen obstructions or difficulties, which may be encountered in the prosecu-

tion of the same, or from the action of the elements, or from any encumbrance on the line of the work, shall be sustained by the parties of the second part" (the contractors).

" No charge shall be made by the contractor for any hindrance or delay from any cause during the progress of the work, but it may justify his asking an extension of the time allotted for completing the same sufficient to make allowance for the detention to be determined by the director of the department of public works; provided, the contractor shall give said director immediate notice in writing of the cause of the detention."

In addition to the loss caused by delay plaintiffs claimed to recover for a quantity of filling as to the amount of which they offered evidence.

Verdict and judgment for plaintiffs for $128,995.01. Defendant appealed.

*Errors assigned* were various instructions.

*William Watson Smith,* assistant city solicitor, with him *T. D. Carnahan,* for appellant.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* with him *William W. Wishart* and *John W. Kephart,* for appellees.

PER CURIAM, November 4, 1905.

Notwithstanding the breadth of the language of the agreement that all loss or damages from unforeseen obstructions and difficulties and from delay, were to be borne by the contractors, it is clear that the delay from the city's failure to obtain complete right of way was not in the class of difficulties and delays which were in the minds of the parties, for the agreement itself was based on the assumption by both parties that the complete right of way had been secured so that the work could be begun at any point and proceed without interruption.

For the same reason the provision for extension of time only on written assent by the director of public works is not applicable.

There was therefore no breach of the agreement by the plaintiffs which prevented them from recovering, and the authorities are clear that they were not bound to abandon the work or

to be taken as having waived the delay caused by the city. While they might have abandoned it they had the option to continue and claim the damages caused by the city's fault.

The dispute as to grading was one of amount alone. The director of public works might have settled the amount conclusively by measuring and certifying it, but he did not do so. It was therefore a question for the jury.

Judgment affirmed.