Settle order on notice.

Jacob LICHTER and Jennie L. Lichter d/b/a Southern Fireproofing Company, Plaintiffs,

v.

MELLON–STUART COMPANY, Defendant.

Civ. No. 17082.

United States District Court
W. D. Pennsylvania.

Aug. 9, 1961.

**150**

Davis C. Burroughs, Jr., Moorhead & Knox, Pittsburgh, Pa., Paul W. Steer, Steer, Strauss & Adair, Cincinnati, Ohio, for plaintiffs.

Charles F. C. Arensberg, Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Pursuant to Rule 59, Fed.R.Civ.P., 28 U.S.C.A., plaintiffs move for a new trial, or, in the alternative, that the judgment entered be opened, that the findings of fact and conclusions of law be amended,[1] that new findings of fact and conclusions of law be made, that a new judgment be entered wherein plaintiffs shall be granted judgment upon their first cause of action as prayed and wherein they shall be granted judgment upon their second cause of action in the amount of $10,330, plus interest. Plaintiffs did not seek an opportunity to produce additional testimony on any particular issue.

Oral argument was held as requested and plaintiffs' briefs in support of their motions considered.

In my opinion, the motions should be denied.

Plaintiffs claim that my interpretation of the contract failed to distinguish between "delay", i. e., postponement of work for a period during which no work is done by the subcontractor, and disruptions and interferences which lengthen the time of performance of work. I perceive that the word "delay" as used in the contract included disruptions and interferences which obstructed and hindered and thus lengthened the time of performance. Therefore, under the terms of the contract, particularly, Article VI, Exs. 1 and 2, Article 18, Ex. 3B, increased costs may not be recovered for contemplated delays, disruptions and interferences attributable to other subcontractors and causes beyond the contractor's control which do not amount to wrongful, i. e., tortious, acts or neglect by the contractor as set forth in Article 31, Exhibit 3B,—only extension of time is provided; pecuniary compensation is validly excluded. In addition to authorities cited in my opinion, 193 F.Supp. at page 221, see: Psaty & Fuhrman, Inc. v. Housing Authority, 1949, 76 R.I. 87, 68 A.2d 32, 10 A.L.R.2d 789 and Annotation—"No Damage" Clause—Delay, pp. 801 ff.; Walter R. Cliffe Co. v. Dupont

1. The findings and conclusions appear in D.C., 193 F.Supp. 216.

Engineering Co., D.C.Del.1924, 298 F. 649. "No damage" clauses have long since been customary and generally enforced by the courts. A. Kaplen & Son, Ltd. v. Housing Authority, 1956, 42 N.J. Super. 230, 126 A.2d 13; Anthony P. Miller, Inc. v. Wilmington Hous. Auth., D.C.Del.1958, 165 F.Supp. 275, wherein Judge Layton ably distinguishes American Bridge Co. v. State of New York, 245 App.Div. 535, 283 N.Y.S. 577, relied upon by plaintiffs. These clauses frequently exempt damages for delays attributable to subcontractors, who are the contractor's agents, providing only for additional time.

■■ In my opinion no wrongful act or neglect was committed by the contractor which caused a breach of the masonry contract. The delays, disruptions and interferences caused by others, inter alia, the architect, owner, manufacturers, materialmen, labor unions, and other subcontractors were responsible for plaintiffs' increased costs. Because of those delays, defendant felt impelled to require plaintiffs to perform the masonry work as it became available before any of the floors were completely ready for it. I have reconsidered the possibility that by so doing defendant breached the masonry contract, but am still of the opinion that by ordering plaintiffs to proceed, defendant did not commit a wrongful or unwarranted positive act for which damages could be recovered under Article 31. I find nothing in the evidence that would justify a finding of fact that any delay, disruption, or interference with the performance of the masonry contract was due to a wrongful act or neglect on the part of the defendant contractor. Certainly most of the delays, disruptions and interferences stemmed from causes beyond the contractor's control or were caused by others including other subcontractors, which causes of delay were contemplated in the contract and for which the only remedy provided is extension of time.

■ With various contingencies plaguing the construction project, and which continued to plague it, it seems to me that the contractor defendant, in ordering plaintiffs to proceed, was not being fraudulent, capricious, arbitrary, or acting in bad faith, but was merely exercising its judgment in directing and coordinating the work as required by its progress, which is a right and duty given to it by the express terms of the contract. Furthermore, it does not seem to be a practical interpretation of the contract to hold that it required the defendant to make each floor completely ready for masonry before directing plaintiffs to do the masonry work on each floor. Such a requirement in view of the delays caused by others may have resulted in more prolonged delays and a more extensive increase in costs to plaintiffs.[2]

Even if one could find from the evidence that one or more of the interfering contingencies was a wrongful act on the part of the defendant, no basis appears for even an educated guess as to the increased costs suffered by plaintiffs due to that particular breach or breaches as distinguished from those causes from which defendant is contractually exempt from responding in damages.

Plaintiffs also complain that I did not allow the total increased costs they suffered by reason of the disruptions and interferences which delayed the performance of the stone contract. As in the masonry contract, plaintiffs contractually waived pecuniary compensation for increased costs resulting from contemplated delays caused by others; plaintiffs are entitled only to increased costs caused by the defendant's unreasonable neglect for which I thought the evidence disclosed a basis.

An appropriate order will be entered denying the plaintiffs' motions.

2. Plaintiffs could have provided against unexpected contingencies requiring more than two operations on each floor by including an escalator clause in the contract—as costs increased so would plaintiffs' consideration. Cf. Frank T. Hickey, Inc. v. Los Angeles Jewish Com. Council, 1954, 28 Cal.App.2d 676, 276 P.2d 52, 59; McNulty v. Stearns, 1892, 85 Iowa 437, 52 N.W. 357.