OWEN CONSTRUCTION COMPANY, INC., Appellee,

v.

IOWA STATE DEPARTMENT OF TRANSPORTATION, Appellant.

No. 61470.

Supreme Court of Iowa.

Jan. 24, 1979.

Rehearing Denied Feb. 15, 1979.

 

Robert W. Goodwin, Sp. Asst. Atty. Gen., for appellant.

Bennett Cullison, Jr. of Cullison & Cullison, Harlan, for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, ALLBEE and McGIVERIN, JJ.

McCORMICK, Justice.

The determinative question here is whether plaintiff's recovery for breach of contract was barred by a provision in the contract purporting to limit defendant's liability. We hold that the limitation was applicable and therefore reverse the trial court judgment for plaintiff.

Plaintiff Owen Construction Company, Inc. entered a written contract with defendant Iowa State Department of Transportation (then the Iowa Highway Commission) to do grading work in connection with a farm-to-market road project in Audubon County in 1972. The contract incorporated by reference the general construction contract specifications of the highway commission for 1972. Among those specifications was § 1109.11 which provided in material part as follows:

> The contracting authority shall be responsible for damages attributable to the performance, nonperformance, or delay of any other contractor, governmental agency, utility, firm, corporation, or individual authorized to do work on the project, only when such damages result from negligence on the part of the contracting authority, its engineer, or any of its officers or employees.

The problem in the present case arose from delay caused by another contractor.

Audubon County, with defendant acting as its agent, separately made a secondary road contract with Labrador Construction Company for the building of a concrete box culvert along the section of road which Owen was to grade. Owen's contract gave it 80 working days to complete the grading,

and Labrador's contract gave it 50 working days to build the culvert. At Owen's request each contractor was given the same starting date so the culvert would presumably be built in time for Owen to do its work in that location. The grading there and in an adjacent area could not be completed until the culvert was in.

The culvert was not constructed in time for Owen to complete its work during the 1972 construction season, and it was required to finish the grading work in the spring of 1973. By its verdict, the jury found Labrador's delay was not excused by weather or conditions caused by weather which had not been contemplated by the parties. The jury also found Owen suffered damages of $11,559 based on the reasonable rental value of its equipment and reasonable wages of its employees idled because of the delay.

Owen's action against defendant was predicated on breach of contract. The case was pled, tried and submitted on the theory that defendant breached an implied contractual duty to provide an adequate site for Owen to do its grading work. Owen contended this breach occurred through defendant's responsibility for the county engineer's failure to require Labrador to complete its work in the 50 days provided in the culvert contract. Owen did not allege negligence of defendant or the engineer.

Defendant pled the provisions of specification § 1109.11 as a defense in its answer, introduced the specification into evidence, and urged the clause as a bar to recovery in moving for directed verdict after both parties had rested. Appealing, it contends the trial court erred in overruling its motion for directed verdict on this ground. Although the appeal raises other questions, we find this contention dispositive.

■ The problem here involves interpretation and construction of Owen's contract with defendant. Because interpretation of the contract does not depend upon extrinsic evidence and because construction of a contract is always a question of law, both issues are reviewed as determinations of law in this case. *Connie's Const. v. Fireman's Fund Ins.*, 227 N.W.2d 207, 210 (Iowa 1975).

■ Specification § 1109.11 resembles "no damage" clauses which are common in public works contracts. A true no damage clause purports to insulate the public agency from liability for any damage caused by delay, providing only that if the contractor's work is delayed by the contracting authority the contractor shall have extra time for completion of the work equal to that lost through the delay.

This court considered a provision of this kind in *Cunningham Bros., Inc. v. City of Waterloo*, 254 Iowa 659, 117 N.W.2d 46 (1963). The court said:

> The general rule appears to be that a "No Damage" clause in a contract is valid, but, due to the harsh results induced thereby, will be strictly construed. However, where it clearly appears that the contracting parties have so contracted, the same is recognized, allowing the chips to fall where they may. 254 Iowa at 664, 117 N.W.2d at 49.

Such clauses are defended on the theory they protect public agencies which contract for large improvements to be paid for through fixed appropriations against vexatious litigation based on claims, real or fancied, that the agency has been responsible for unreasonable delays. *A. Kaplen & Son, Ltd. v. Housing Authority*, 42 N.J.Super. 230, 126 A.2d 13 (1956).

The clause involved in the present case exculpates defendant from responsibility for damages to one contractor caused by "performance, nonperformance, or delay of any other contractor", unless the damages resulted from negligence of defendant, "its engineer, or any of its officers or employees." The jury verdict established that Owen's damages were caused by nonperformance or delay of another contractor, Labrador. Owen did not rely on the negligence exception so the jury did not pass on it. Therefore, if the clause is valid and enforceable and not made inapplicable here by any additional exception, it should bar Owen's recovery.

■ Because the clause allows recovery for delay caused by the contracting authori-

ty's negligence, it is not as restrictive as the traditional no damage clause. Therefore it is plainly valid and enforceable under the holding in *Cunningham*. See also *Hallett Construction Co. v. Iowa State Highway Commission*, 261 Iowa 290, 154 N.W.2d 71 (1967); *McNulty v. Stearns*, 85 Iowa 437, 52 N.W. 357 (1892). Nevertheless, in view of its harshness we construe it strictly against the public agency.

On that basis, we recognize the same additional exceptions to this clause's applicability as have been recognized to a true no damage clause. These exceptions include situations where the delay (1) was of a kind not contemplated by the parties, (2) amounted to an abandonment of the contract, (3) was caused by bad faith on the part of the contracting authority, or (4) was caused by active interference by such party. *F. D. Rich Co. v. Wilmington Housing Authority*, 392 F.2d 841 (3 Cir. 1968); *Peter Kiewit Sons' Co. v. Iowa Southern Utilities Co.*, 355 F.Supp. 376 (S.D.Iowa 1973); *Anthony P. Miller, Inc. v. Wilmington Housing Authority*, 165 F.Supp. 275 (D.Del.1958).

No evidence exists supporting any of these exceptions in this case.

The situation here is analogous to that in *Cunningham*. The contractor in that case was to build two parking ramps for the City of Waterloo. The City employed another contractor to demolish buildings to clear the two sites. The sites were not ready when the ramp contractor was ready to commence work and, as a result, the work was considerably delayed. When confronted in the ramp contractor's action for extra compensation with an argument that the delay in making the sites available had not been contemplated by the parties, the court held the "no damage clause" was expressly applicable to any delay:

> It will be observed that the contract, and included documents, specifically provide that *any delay* upon the part of the appellant, or other contractors, shall entitle Appellee to such an extension of time as will compensate for such delay. Delays that are known or expected to happen would ordinarily be considered in the fixing of the dates for starting and completing the work. It is for the purpose of providing for situations that may perchance arise that the provision for extension of time is included. 254 Iowa at 665, 117 N.W.2d at 49.

In the present case § 1109.02 of the specifications provided the compensation paid Owen under the contract was full payment, among other things, for "all delays involving other contractors and third parties . . or from any unforseen difficulties . . ."

It could not be found that the delay in this case was of a kind not contemplated by the parties. Cf. *Sheehan v. City of Pittsburg*, 213 Pa. 133, 62 A. 642 (1905).

Similarly, it could not be found under the record in this case that defendant abandoned the contract or caused the delay by acting in bad faith or by actively interfering with Owen's work. See *Peter Kiewit Sons' Co. v. Iowa Southern Utilities Co.*, 355 F.Supp. 376, 397–401 (S.D.Iowa 1973). We have no occasion to decide whether the record would have supported a finding of defendant's negligence.

We hold that the trial court erred in overruling defendant's motion for directed verdict on the ground the action was barred by the limitation of liability in § 1109.11 of the specifications.

REVERSED.