DANGLER v. NATIONAL SURETY CO.   (No. 7406.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

INSURANCE ☞425—BURGLARY INSURANCE—EVIDENCES OF FORCE.

Where property was stolen during or after a fire, the marks of violence made by the firemen in breaking in to extinguish the fire do not authorize recovery under a burglary insurance policy, which insured the goods against direct loss by burglary by any person who made forcible and violent entrance upon the premises or exit therefrom, of which force and violence there shall be visible evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1129, 1135, 1143; Dec. Dig. ☞425.]

Appeal from Trial Term, New York County.

Action by Harry L. Dangler against the National Surety Company.   Judgment for the plaintiff, and defendant appeals.   Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph L. Prager, of New York City, for appellant.
M. L. Heide, for respondent.

SCOTT, J. The action is upon a policy of burglary insurance. The policy provided that the insurer should be liable for —

"direct loss by burglary * * * by any person or persons who have made forcible and violent entrance upon the premises or exit therefrom, of which force and violence there shall be visible evidences."

The insured was a dealer in ostrich feathers, occupying the fourth floor of a loft building. On the evening of November 29, 1912, the date alleged in the complaint as that upon which the burglary occurred, there was a fire in the loft above that occupied by plaintiff. He was summoned, and when he reached his place of business he found the door leading into his premises broken and the lock smashed. In the rear of the premises certain lattice screens which had covered the windows were torn down, and one of them was broken. These constitute the "visible evidences" of a forcible entry upon which plaintiff relies, and except these things there were no evidences of any forcible entry, although some of the boxes inside the premises appeared to have been roughly handled.

It was shown beyond contradiction, and indeed was not attempted to be contradicted, that these visible marks of violence upon the door and windows were produced by the firemen, who broke in the door and tore the screens from the windows in order to carry a hose through the premises. Obviously these evidences of violence did not indicate that any person or persons had made a forcible entry or exit for burglarious purposes. Apparently the plaintiff suffered a loss, but there is no evidence that it was of the character covered by the policy upon which he sues. The verdict was directly contrary to the charge of the court, but in our opinion there was nothing to submit to the jury, for the uncontradicted evidence was that there were no visible evidences of a burglary. The finding of the jury that there had been a burglary by any person or persons who had made forcible and violent entrance upon the premises or exit therefrom, of which force or violence there was visible evidence, is without evidence to support it, and is reversed.

Judgment reversed, and complaint dismissed, with costs in all courts to the appellant. All concur.