BERNARD SLOAN, Respondent, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.

First Department, April 5, 1917.

Insurance — policy insuring against loss by theft or burglary — exemption from liability when a fire contributes to burglary — loss during occupancy by firemen — erroneous charge — question for jury.

Where a policy insuring the plaintiff against loss by burglary, theft or larceny, provided that the company should not be liable for any loss "from or contributed to by fire, water, invasion," etc., and it appeared in an action on the policy that the plaintiff's alleged loss of jewelry occurred during a time when his premises were occupied by firemen endeavoring to extinguish a serious conflagration which started on the floor below, it was error for the court to charge in effect that the defendant was liable on its policy as a matter of law, irrespective of whether or not there was a fire in progress in the building.

This, because under the terms of the policy if the fire contributed to the loss by burglary or theft, the defendant was relieved of liability, and this question was one of fact to be determined by the jury.

It seems, however, that the mere occurrence of a fire would not of itself relieve the defendant from liability unless the fire contributed to the loss.

APPEAL by the defendant, Massachusetts Bonding and Insurance Company, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on or about the 25th day of October, 1916, affirming a judgment of the City Court of the City of New York in plaintiff's favor and further affirming an order denying defendant's motion for a new trial.

Defendant also appeals from the judgment and order of the

City Court so affirmed and from the judgment of affirmance entered in the office of said court pursuant to the order of the Appellate Term.

*Albert J. Rifkind* of counsel [*William B. McNiece,* attorney], for the appellant.

*David Goldstein,* for the respondent.

DAVIS, J.:

The action was brought on a policy insuring the plaintiff against direct loss by burglary, theft or larceny and for direct loss by damage to property and premises caused by burglars and thieves.

There was a rider attached to the policy entitled "General Agreements," the 4th paragraph of which is as follows:

"4th. The Company shall not be liable for any loss from explosion except when caused by burglars, nor for any loss from or contributed to by fire, water, invasion, riot, war, strike or civil commotion, the action of the elements * * *."

On January 3, 1914, the plaintiff and his wife occupied an apartment of six rooms on the third floor of premises No. 29 Columbus avenue, New York city. Between four and five o'clock on the afternoon of January third while they were taking dinner in their apartment, they detected the odor of smoke. On opening the kitchen window the husband saw flames bursting from the windows of the floor below. They opened their door and found the hall filled with black smoke, and after an effort managed to get to the street. The firemen soon arrived and took charge of the building, allowing no one to enter. About half-past six the plaintiff was allowed to return to his apartment where he found firemen apparently engaged in their duties. It appears that the fire was a serious one and that plaintiff's rugs were smoking, but not burning. There was no fire in plaintiff's apartment. Plaintiff says his doors were ripped open and that the drawer of his dresser had been forced open and "You could see marks from the jimmy." Both the plaintiff and his wife testified that certain jewelry which was in the second drawer of the dresser when they hurriedly left the apartment was missing when they returned, and

the wife testified that the loss occurred between the time they left the apartment and the time they returned.

At the close of the whole case the court adopted the view that the loss was not contributed to by the fire within the meaning of the policy and, therefore, denied defendant's motion to dismiss the complaint. In denying this motion the court said that it would hold as matter of law that the loss was not contributed to by the fire.

While the counsel was addressing the jury the court interrupted at the point where counsel was referring to the loss having occurred during the fire with the following remarks:

The Court: "I suggest to counsel that that is not within the issues of this case. If there was a loss of these goods within the premises on that afternoon, the plaintiff herein is entitled to recover their value. As far as the question of the right of plaintiff to recover, the fire has nothing to do with it. The question is, was there a loss of goods, and if so, were they lost by burglary, theft or larceny?"

Defendant's attorney then said: "I respectfully except to your Honor's remarks in taking away from the jury the question of whether there was a fire on the premises, in that it is a material element in the trial of this case, and one for the jury to determine, and that your Honor's statements are almost equivalent to telling the jury that they must find in favor of the plaintiff in some amount, if they find some loss was sustained," to which the court responded: "I shall charge the jury, and do charge the jury, that if they find that there was a loss sustained by plaintiff they shall award the plaintiff the amount of the loss." Exception was taken and the court then charged the jury as follows: "Under the terms of this policy, under the language which has here been quoted to you by counsel, or in your presence by counsel, I charge you as a matter of law that, irrespective of the question whether there was or was not a fire in progress in any portion of this building at that time, under the language of this policy, if there was a loss of this property as a result of burglary, theft or larceny, the plaintiff here is entitled to recover the value of the articles so stolen at that time and place.

"In other words, the fire and the prevalence of the fire is

of course one of the facts which you have a right to take into account as a part of the surrounding circumstances, in passing on the question whether there was a theft or larceny or burglary of this jewelry at that time; but the fact that there was a fire and the fact that the articles were taken while the fire was in progress, do not in any respect relieve this defendant from its contract obligation to fully indemnify this plaintiff for any loss of this jewelry through burglary, theft or larceny."

There was error in thus charging the jury. The fact that there was a fire in the building and that the crime was committed during the fire was a very material fact in the case, because under the terms of the policy if that fire contributed to the loss by burglary or theft the defendant was relieved of liability under the policy. Whether or not the fire contributed to the loss was a question of fact to be determined by the jury.

Fire, water, invasion, riot, etc., may contribute to the loss by burglary and theft in making easy the work of the thief by removing for a time the usual safeguards against theft. It was the increased risk created by the fire which the defendant expressly exempted from its policy.

Of course the mere occurrence of the fire would not relieve the defendant. It must appear that the fire contributed to the loss, and whether it did must be determined by the jury.

The determination of the Appellate Term and the judgment and order of the City Court should be reversed and a new trial granted, with costs in all courts to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Determination and judgment reversed, new trial ordered, costs to appellant to abide event.