Bernard Sloan, Plaintiff, *v.* Massachusetts Bonding and Insurance Company, Defendant.

(City Court of the City of New York, Trial Term, February, 1918.)

Insurance — against loss by burglary, theft, etc.— fire in apartment below contributing to loss — defendant not liable.

> Where by a rider attached to a policy of insurance against burglary, theft or larceny it was agreed that the insurer should not be liable for any loss from or contributed to by fire, water, etc., and in an action on the policy to recover for the loss of certain jewelry and silverware, a part of which was in a box in a locked dresser drawer in plaintiff's apartment, it was found as a fact that a fire which broke out and was confined to the floor below plaintiff's apartment contributed to the loss, there can be no recovery and defendant is entitled to judgment.

ACTION to recover on a policy of burglary insurance.

Goldstein & Goldstein, for plaintiff.

William B. McNiece (Albert J. Rifkind, of counsel), for defendant.

FINELITE, J.  This action came on for a retrial at a Trial Term of this court, and the parties hereto stipulated and agreed to waive a jury and to submit the case to the court for his decision on the original record, and further stipulated in open court that this is not a submission on an agreed statement of facts, and vested in the court the right to draw such inferences from the evidence presented as he deemed proper and to apply his conclusion thereon.

This action was originally tried on the 8th day of March, 1916, before a justice of this court and a jury, and resulted in a verdict in favor of the plaintiff against the defendant, from which judgment defendant appealed to the Appellate Term, and from the affirmance thereof by the Appellate Term, without opinion, the defendant appealed to the Appellate Division, first judicial department, by leave thereof, where the order of affirmance of the Appellate Term and the judgment in favor of plaintiff were reversed and a new trial ordered.  177 App. Div. 483.  The action, therefore, came on for retrial, as aforesaid, before me.

The action is brought to recover on a policy of burglary insurance.  The defendant in consideration of the premium paid by plaintiff executed and delivered to him its policy whereby it undertook to indemnify him against loss by burglary, theft or larceny  The property covered was contained in plaintiff's apartment on the third floor of No. 29 Columbus avenue, New York city.  On January 31, 1914, while the policy

was in force, a fire occurred in the apartment building on the floor below where plaintiff resided. Plaintiff and his wife were in their apartment when they discovered the fire, and immediately left the premises. This was about four-thirty P. M. There were two locks on the door, one being a spring lock, and as they went out they slammed the door. Upon reaching the street plaintiff sent an alarm, in consequence of which the firemen arrived. From then on no person was permitted to enter the building except the firemen, policemen and members of a family residing therein, whom plaintiff and his wife saw going into the house. The fire was extinguished and plaintiff and his wife were allowed to return to their apartment. About one hour elapsed between their departure and return. As they entered they saw a fire chief, a foreman in uniform and two men in civilians' clothes leaving their apartment. They found the door to their apartment had been broken in from the outside, the parlor door forced and also the windows broken open. The fire had not been in plaintiff's apartment, but was confined to the apartment below. Before the fire plaintiff and his wife had certain jewelry and silverware in their rooms. Part of the jewelry was contained in a box in the dresser drawer in the bedroom. This drawer was locked. Some silver knives, forks and spoons were in a drawer of the buffet in the dining-room, and on top of the buffet was a diamond ring belonging to plaintiff's wife, as appears from the evidence. On their return all these articles were gone. The silverware had been taken from the buffet drawer, the ring had disappeared from the top of the buffet, and the drawer of the dresser had been forced open and the jewelry contained therein taken. Proof of the value of these articles was given showing a loss of $725. The above appears in substance from the printed record.

In order to determine whether plaintiff is entitled to recover two conditions of the policy require particular consideration and will be taken up in order. The first is a provision whereby defendant agreed to insure plaintiff for " direct loss by burglary, theft or larceny of any of the property described in the schedule hereinafter given and stated to be insured hereunder, occasioned by its felonious abstraction from the interior of the house, building, flat, apartments or rooms actually occupied by the assured, and described in said schedule as hereinafter called the premises, by any servant or employee of the assured, by any person or persons, except the assured, for direct loss or damage to said property and to said premises caused by burglars and thieves." The breaking of the door and forcing of the drawer and the disappearance of the articles are evidences of a burglary, theft or larceny, or felonious abstraction. The policy does not require the plaintiff to show that there were visible marks upon the premises of the actual force and violence used in making entry into the premises, as did the condition in the policy in *Rosenthal* v. *American Bunting* Co., 207 N. Y. 162, and for that reason such case is not in point, as contended by the defendant. Besides, the facts in this case, in contradistinction to those in the *Rosenthal* case, actually show the existence of visible marks of force and violence. In *Dangler* v. *National Surety Co.,* 168 App. Div. 89–90, " It was shown beyond contradiction, and indeed was not attempted to be contradicted, that those visible marks of violence upon the door and windows were produced by the firemen who broke in the door and tore the screens from the windows in order to carry a hose through the premises. Obviously, these evidences of violence did not indicate that any person or persons had made a forcible entry or exit for burglarious purposes.

Apparently, the plaintiff suffered a loss, but there is no evidence that it was of the character covered by the policy upon which he sues.'' And the court dismissed the complaint upon the ground that the plaintiff failed to establish any forcible entry or exit for burglarious purposes. *Duschenes* v. *National Surety Co.,* 79 Misc. Rep. 232, quoted by the defendant, is not an authority against plaintiff. In that case the policy provided that: '' The assured shall also produce direct and affirmative evidence that the loss of the article or articles for which claim is made was due to the commission of a burglary, theft or larceny; the disappearance of such article or articles not to be deemed such evidence,'' and the complaint was dismissed because of the absolute failure of plaintiff to show anything beyond the disappearance of articles for which claim was made.

The policy here is not ambiguous. The proof adduced by plaintiff is sufficient to come within its provisions, under the just rule which necessitates that the policy be construed in favor of the assured and against the insurer, who prepared the contract, and to enable the plaintiff to recover herein, providing there was no other obstacle in said policy which would prevent a recovery. The condition, however, which is urged as a bar to recovery by plaintiff, under the facts developed, is as appears from a rider attached to the policy entitled '' General Agreements,'' and which reads as follows: '' The company shall not be liable for any loss from explosion except when caused by burglars, nor for any loss contributed by fire and water. * * *'' This very provision has been judicially interpreted by the Appellate Division in this case (177 App. Div. 483) in the following language: '' Fire, water, invasion, riot, etc., may contrib-

ute to the loss by burglary and theft in making easy the work of the thief by removing for a time the usual safeguards against theft. It was the increased risk created by the fire which the defendants expressly exempted from their policy. Of course, the mere occurrence of the fire would not relieve the defendant. It must appear that the fire contributed to the loss, and whether it did must be determined by the jury " as a question of fact. There is no question in the court's mind that the fire in the floor below created an increased risk, for which defendant would not be liable by reason of a clause in said rider annexed to the policy under the heading of " General Agreements," and, by reason of the foregoing construction laid down by the Appellate Division of the condition limiting defendant's liability, plaintiff cannot recover in the event that it is found that the fire contributed to the loss, which the court holds, and if the fire increased the risk of the defendant, as cannot be doubted in this instance, pursuant to the language of the Appellate Division above quoted, no liability exists against the defendant under said policy by reason of such rider, which is a part thereof, and there must be judgment for the defendant.

Judgment for defendant.