## C. Bernard, Individually and as Bernards Cloak & Suit Company, Appellant, v. The Employers Liability Assurance Corporation, Appellee.

### Gen. No. 28,482.

1. INSURANCE—*construction of burglary policy as to visible marks of entry.* In an action upon a policy of burglary insurance where it was established that forcible entry was made into plaintiff's premises and his goods taken away by burglars it ought not to be held that no recovery could be had unless the burglars left physical marks upon the premises at the place of entrance unless the unmistakable language of the policy requires the court to do so.

2. INSURANCE—*what constitutes visible marks of burglarious entry.* The removal of the cylinder of the lock from the front door of a store left such a visible mark of violence by means of some tool used by the burglars as was required by a policy of burglary insurance though no marks were left upon the remaining portion of the lock or upon the door.

3. APPEAL AND ERROR—*final determination in Appellate Court on question of law.* In an action upon a burglary insurance policy where the evidence was undisputed that an actual burglary had been committed and goods taken from plaintiff's store greatly in excess of the amount covered by the policy, the only question being as to whether removal of the cylinder of the lock from the door without other evidence of violence constituted a physical mark of violence within the terms of the policy, the question to be determined is one of law and judgment may be entered in the Appellate Court against defendant for the face of the policy without remanding the case.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Judgment reversed and judgment here. Opinion filed June 11, 1924. *Certiorari* denied by Supreme Court (making opinion final).

PENNISH & RASHBAUM, for appellant; F. D. SHOBE, of counsel.

JOHN CLARK BAKER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action on a burglary insurance policy against defendant to recover $5,000.00, the face value of the policy. The case was tried before the court without a jury and there was a finding and judgment in the defendant's favor, to reverse which the plaintiff prosecutes this appeal.

At the conclusion of all the evidence, the court made a special finding as follows: "The court finds upon the evidence submitted in this case that there was an actual burglary of the premises of the plaintiff; that the store of the plaintiff at No. 936 East 63rd street, Chicago, Illinois, was entered by one or more burglars, being persons unknown to the plaintiff, at a time other than when the same was open for business purposes; that the loss sustained by the plaintiff totaled $21,486.64, subject to a 25 per cent depreciation. The court further finds that upon the morning of the discovery of the burglary the cylinder of the lock was out of the door. The court further finds that there were no visible marks made * * * at the place of entry by tools, * * * electricity or chemicals." The court held that no recovery could be had under the policy because under the terms of it no recovery could be had unless the burglar left visible marks upon the premises at the place of entry by tools, explosives, electricity or chemicals.

The material provision of the policy is as follows: "For all loss by burglary of merchandise * * * furniture or fixtures from within the premises * * * occasioned by any person or persons who shall have made felonious entry into the premises by actual force and violence when such premises are not open for business, of which force and violence there shall be visible marks made upon the premises at the place of such entry by tools, explosives, electricity or chemicals."

The evidence shows that plaintiff conducted a retail

store; that he closed his place of business about 10 o'clock on Saturday evening and locked the doors; that he lived a short distance from the store and on the afternoon of the day following, which was Sunday, he went down, entered the store and turned on some window lights; that he then left after locking the place up; that on Monday the store was closed as that day was observed as the Christmas holiday, and on the afternoon of that day he again went to his store and again observed that the stock of goods was as he had left it on the previous Saturday; that when he came to open the store on Tuesday morning about 9 o'clock, he discovered that the cylinder of the lock on the front door had been removed, leaving a circular hole 1¼ inches in diameter through the lock and door. The door was unlocked. He entered and found most of his stock of goods had been taken. An expert locksmith testified for the plaintiff as to how the cylinder in the door might be removed and the door opened. He testified that the cylinder could be forced out whether or not the screw or carrier were retarded; that this could be done by simply putting a wrench on the cylinder which would show on the cylinder, but not necessarily on the case of the door; that there was a vibrating tool with which one could open a lock that would leave absolutely no marks. But since the court expressly found that plaintiff's place of business had been burglarized and since there is no contention made by the defendant that such finding is against the manifest weight of the evidence, it is unnecessary for us to state anything further in this respect.

Plaintiff contends that since the evidence shows, and the court found, that the cylinder of the lock on the front door was removed, that the burglars entered through that door and carried away his goods, a recovery is warranted under the policy because it is shown that the premises were entered by actual force and violence, and that a visible mark of such force and

violence appeared at the place of entry, such visible mark being the circular hole in the door where the cylinder had been removed. There being no evidence of any "visible marks" upon the premises at the place of entry, unless the circular hole in the door and lock may be considered such "visible marks," the question is, does the circular hole in the lock caused by the removal of the cylinder constitute "visible marks" within the meaning of the policy.

Counsel for defendant contends that the provision of the policy which requires that before a recovery may be had, there must be "visible marks" upon the premises at the place of entry, "is based upon a distinction made in police parlance between 'outside jobs' and 'inside jobs,' * * * it is competent for the parties to agree that losses by 'inside jobs' shall be excluded." If that be the reason for the provision, it can be of no benefit to the defendant in the instant case because the court expressly found that the burglary was an "outside job" and there is no complaint made that such finding was not warranted by the evidence. But in any view of the matter, we think that the removal of the cylinder left such a visible mark of force and violence by means of some tool used by the burglars in entering the premises through the front door, as the policy required and the court should therefore, have found for the plaintiff.

Counsel for defendant earnestly contends that all of the authorities but one sustain his view of the matter. Such authorities are—*Rosenthal v. American Bonding Co.*, 207 N. Y. 162; *United Sponging Co. v. Preferred Acc. Ins. Co.*, 97 Misc. 396, 161 N. Y. Supp. 309; *Brill v. Metropolitan Surety Co.*, 113 N. Y. Supp. 476; *Dangler v. National Surety Co.*, 168 App. Div. 89, 153 N. Y. Supp. 727; *Feinstein v. Mass. Bonding & Ins. Co.*, 183 N. Y. Supp. 785; *Blank v. National Surety Co.*, 181 Iowa 649; *Frankel v. Mass. Bonding & Ins. Co.*, 177 S. W. 775; *Maryland Casualty Co. v. Bal-*

*lard County Bank,* 134 Ky. 354; *First Natl. Bank v. Maryland Cas. Co.,* 162 Cal. 61.

The *Rosenthal* case was an action on a burglary insurance policy. The policy in that case contained substantially the same provision as the policy before us. It provided that "The Company shall not be liable: (1)   Unless there are visible marks upon the premises of the actual force and violence used in making entry into the said premises or exit therefrom." The evidence showed that about 7:30 in the morning two of plaintiff's employees unlocked the door for the purpose of preparing for the day's business and closed the door without locking it. Shortly thereafter burglars opened the unlocked door and with pistols in their hands assaulted the employes and carried away a large amount of silks. The court assumed that there was a forcible entry of the premises within the meaning of the policy, holding that the force and violence mentioned in the policy meant real rather than technical force. But the court also held that no recovery could be had because there was no visible marks upon the premises which the policy required as a condition precedent to recovery. It is there said (p. 169), "In this instance the insurer had a perfect right if it saw fit to require proof even of so-called evidentiary facts as an indispensable basis for recovery" and it was held that no recovery could be had because there was no proof of forcible entry, nor was there evidence of any visible marks upon the premises at all. In the instant case, however, there were visible marks left by the removal of the cylinder.

The *United Sponging Co.* case was decided by the Appellate Division of the Supreme Court of New York after the decision of the court of appeals of that state in the *Rosenthal* case, and held that where the culprit had drugged the night watchman and opened the doors in the normal way, no recovery could be had since there were no visible marks on the premises

234     Appellate Courts of Illinois.

Bernard v. The Employers Liability Assur. Corp., 233 Ill. App. 229.

indicating that force had been used in entering the premises by the burglars as the policy required.

In the *Brill* case, $83.28 was abstracted from a safe by means of opening the unlocked safe door. The policy provided that there would be no liability unless forcible entrance was made into the safe "by the use of tools or explosives directly thereupon and on the outside thereof."

It was held in the *Blank* case that where a safe was opened by means of working the combination and its contents taken, no recovery could be had, the policy predicating liability only in case entry was made into the safe "by use of tools or explosives directly thereupon." The court there said (p. 651), "The indemnity provided is against loss resulting from an entry made into the safe by the use of tools or explosives directly thereupon. This necessarily means the door or outer part thereof. The risk assumed by the insurer contemplates that the door of the safe shall be securely locked, and that entrance therein can be made only by the use of tools or explosives for that purpose. This secures the insurer against loss resulting from carelessness in leaving the safe door unlocked by persons having access thereto. The policy is not a general policy providing indemnity against all losses resulting from burglary, but only such loss as results from means employed according to the terms of the policy. The language of the policy certainly does not contemplate indemnity in a case where access is gained to the inner chamber of the safe without the use of tools or explosives * * *. The policy does not purport to cover all losses resulting from a burglarious entry of the building in which the safe is kept, but only losses resulting from an entry made into the safe by the use of tools or explosives directly thereupon." That case is certainly no precedent for holding that no recovery could be had in the instant case. In that case, no liability under the policy could be had unless force was applied to the safe. It did not

purport to cover any loss where entrance was made by working the combination merely.

The other cases above cited, which we will not analyse, are also cases where the contents of safes were insured. So that the only authority which the defendant cites where the policy contained substantially the same provisions as in the instant case, is the *Rosenthal* case, which was necessarily followed by the Appellate Division of the trial court in the *United Sponging Co.* case, and where the facts are not similar to the facts in the case before us.

The plaintiff cites the case of the *National Surety Co. v. Silverberg Bros.*, 176 S. W. 97, where the burglary insurance policy provided that no recovery could be had unless there was visible evidence of force and violence and it was there held that that provision determined what should be one of the evidentiary facts to prove that a burglary had been committed and not what should be sole proof of such burglary. The court there said (p. 98), ''If the words 'visible marks' in the second provision could reasonably have been construed by the insured (we think they could) to mean the same as 'visible evidence' in the first provision, the contract is ambiguous, because the parties to it may not have understood its meaning alike. The thrown lockbolt was unquestionably evidence of force and violence. No one would contend that it did not take force to throw a bolt back into a lock, even if a key be used in doing it. 'Force' and 'violence' are synonymous terms. If there had in fact been an abrasion, a scratch, or a splintered door, or any mark upon the premises, the same proof would have to be made as to the other elements of burglary as if only the thrown bolt was the visible evidence of the violence, to wit, the plaintiff must be able to prove to the satisfaction of the jury that there was an actual burglary, an entrance by force with the intention to commit theft, and in this case an actual theft.'' The court then cites an accident insurance case as authority for

its holding where the policy provided that there must be visible marks upon the body before a recovery could be had, and which held that recovery might be had although such visible marks were lacking. Other cases brought on accident insurance policies, holding to the same effect are *United States Casualty Co. v. Hanson,* 20 Colo. App. 393, 79 Pac. 176; *Thomson v. Loyal Protective Ass'n,* 167 Mich. 31; *Lewis v. Brotherhood Accident Co.,* 194 Mass. 1.

In the *Lewis* case, an action was brought on an accident insurance policy and it was contended by the defendant that the policy did not cover accident by drowning unless as a result of the accident there were, upon the body, external marks of contusion or wounds. One of the provisions of the policy was that there could be no recovery "in case of injuries whether fatal or disabling of which there is no visible mark on the exterior of the body visible to the eye (the body itself in case of death not to be deemed such mark)." The court there said (p. 7), "In cases of drowning death is caused by the filling of the lungs with water so that the air cannot get to them, and there is no reason why there should be any external mark of contusion or wound. In the ordinary case, therefore, none is to be expected. And if while drowning the body is bruised, there is usually no natural or necessary connection between such bruise and death. Suppose two persons, each having a policy like this, are accidentally swept overboard from a ship by the same wave. One goes clear and receives no mark, while the other is bruised and scratched by a spike in no way disabling him as he goes over the rail. Both are drowned and both bodies are recovered. Upon the body of the first is found no external mark of contusion or wound, while upon the body of the other appears the work of the spike. Is it to be said that the first case is covered by the policy and the second is not?" The court there further said, "An interpretation founded upon such a basis of distinction,

and leading to results so unreasonable is not to be adopted unless clearly required by unmistakable language." And it was held that the provisions in reference to external marks did not apply where death resulted by drowning.

In the instant case it being established that forcible entry was made into plaintiff's premises and his goods taken away by burglars, we ought not to hold that no recovery could be had unless the burglars left physical marks upon the premises at the place of entrance, unless the unmistakable language of the policy requires us to do so. If the policy should be construed as the defendant's counsel contends, it might be said that the defendant would in effect be obtaining money by false pretenses, because in very few cases could a recovery be had although the evidence was unmistakable that a burglary had been committed. We ought not to so construe the policy as to place defendant in that light. But in any event, we think there was a physical mark at the place of entrance to the premises within the meaning of the provision of the policy, and, therefore, the court should have found the issue in favor of plaintiff and entered judgment for the amount of the policy. But the defendant contends that although the bill of exceptions recites that it contains all the evidence, it is apparent that this is not true because the testimony of the locksmith consisted largely of a demonstration made by tools and instruments which do not appear in the bill of exceptions and since the court found in favor of the defendant, this court cannot disturb it. The difficulty with this proposition is that the court found in favor of plaintiff that an actual burglary had been committed and in accordance with defendant's argument we cannot under the law disturb it.

While we have discussed at some length the authorities relating to the question of the construction of burglary insurance policies containing somewhat similar provisions to those found in the policy in the

instant case yet we base our decision in this case on the fact that the removal of the cylinder from the lock in the door constituted a physical mark of violence within the terms of the policy in question, and, therefore, the plaintiff is entitled to recover. There being no dispute in the evidence, the question to be determined is one of law, viz, a construction of the policy. It will, therefore, be unnecessary to remand the cause. Plaintiff was entitled to recover and therefore, the judgment of the municipal court is reversed and judgment entered in this court in favor of the plaintiff and against the defendant for $5,000.00.

*Judgment reversed and judgment here.*

TAYLOR, P. J. concurs.

THOMSON, J. specially concurring: While I concur in the decision announced in the foregoing opinion, I am unable to agree with all that is stated in the opinion.

In my opinion, the evidence is sufficient to support the finding to the effect that the burglary, which the trial court properly found had taken place at the plaintiff's store, had been accomplished by "actual force and violence." As is pointed out in the foregoing opinion, the only real proposition involved on this appeal, has to do with the question of whether the hole in the door, occasioned by the removal of the cylinder, was a "visible mark made upon the premises at the place of   *   *   *   entry by tools," evidencing "force and violence" used in connection with accomplishing "felonious entry into the premises." The evidence referred to is to the effect that the cylinder was removed (and thus the resulting hole was brought about), by means of some sort of a tool— either a wrench or a vibrating tool such as the witness described. I agree with the conclusion reached in the opinion, to the effect that the hole was a "visible mark made upon the premises at the place of   *   *   *   entry," and that it was made by one or the other of the tools referred to, and that it was evi-

dence of force and violence used in effecting entry in the premises.

In deciding whether the hole in the door was a "visible mark" within the meaning of the clause of the insurance policy involved in this case, the words of that clause must not be given any forced construction. If possible, they should be so construed as to accomplish the purpose of indemnity which the parties had in mind when the contract of insurance was entered into, and any fair interpretation of the language used, that will give such indemnity, must be adopted and any ambiguity that the language may be said to involve, must be construed in favor of the insured. Construing the clause in question in the light of those rules, and of the evidence in the record, leads to the conclusion already stated.

In my opinion, all the cases relied upon by the defendant, most of which are referred to in the foregoing opinion, may clearly be distinguished from the case at bar, either in the matter of the provisions of the policies there involved or on the facts presented in those cases.

I am unable to agree with much that the court says in its opinion, in the main case relied upon by the plaintiff, *National Surety Co. v. Silberberg,* 176 S. W. 97, part of which is quoted in the foregoing opinion in the case at bar. In my opinion, it is not necessary to go as far as the court went in that case, to reach the conclusion announced in the decision of this case.