## FRANCIS D. CHRISTHILF ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE.

*Municipal Highway Contract—Delay in Securing Right of Way*
*—Effect.*

In a contract with a city for the construction of a highway, a provision expressly excluding any right of action in favor of the contractor owing to "failure or inability" of the city to obtain title to or possession of land necessary for the prosecution of the work, *held* to relieve the city from liability even for its negligent delay in securing right of way, another provision of the contract, that the contractor's acceptance of the final payment on the contract price should release the city from liability for any act or neglect, showing that the possibility of negligent delay by the city was contemplated at the time of making the contract.

*Decided January 26th, 1927.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by Francis D. Christhilf, John D. Ensey, and Howard O. Firor, trading as Christhilf, Ensey & Firor, against the Mayor and City Council of Baltimore. From a judgment for defendant, plaintiffs appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Raphael Walter,* with whom were *Sykes, Nyburg, Goldman & Walter* on the brief, for the appellants.

*Charles C. Wallace, City Solicitor,* and *John Henry Lewin, Assistant City Solicitor,* with whom was *George E. Kieffner, Assistant City Solicitor,* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The appellants entered into a contract on March 31st, 1922, with the Mayor and City Council of Baltimore, to build a public highway for a certain reward. On June 1st, 1925, the appellants brought an action against the municipality for damages alleged to have been sustained by the appellants without their fault, by delay in the performance of the contract through the failure and refusal of the municipality to exercise reasonable effort and diligence to secure the rights of way on which the work under said contract was to be done. The contract was in writing and was made a part of the declaration. The demurrer to the declaration was sustained, and the appellants declined to amend, and appealed from the judgment on demurrer.

The appellants constructed the highway as they agreed, so the right of way was acquired and, since there is no charge of fraud, corruption or bad faith on the part of the appellee, the sole ground for the action is that the municipality failed and refused to exercise reasonable effort and diligence in its securing the right of way. The contractors engaged to construct the road for the contract price according to the terms of that contract, and, having completed the

construction and been paid as promised, they now endeavor to recover a good bit of money beyond the agreed compensation, upon the theory that the circumstances under which they had constructed the highway were by the unreasonable inaction of the appellee rendered materially different from those which the parties had contemplated at the inception of the contract, and so the loss the contractors thus sustained was not a contingency which the parties had covered by the stipulations of the contract. The soundness of this theory hinges on what is found within the four corners of the contract.

The contractors were advised by the written instrument they signed that the appellee did, not then own the right of way upon which the appellants were to build the highway, but that it was the appellee's intention to acquire the roadbed before the work began. The appellee, however, did not expressly agree that it would acquire the right of way before the work began, nor within any period of time, nor with what diligence it would endeavor to secure the roadway, but both the contracting parties did take into consideration the probability of not only a delay but also a failure in securing the necessary right of way. This is manifested by stipulations which relate to such contingencies, and at once provide a certain degree of protection to the contractor and total immunity for the municipality in the event of either contingency occurring. By paragraph 36 of the specifications forming a part of the contract it is agreed that "if the contractor is delayed or obstructed in the prosecution or completion of the work because of the failure or inability of the city to obtain title to, or possession of, any land or property, necessary for the prosecution or completion of the work hereunder, he shall be entitled to such an extension of time for the completion of the work as the engineer shall certify to be just and reasonable," but "he shall have no claim or right of action against the city for damages or loss of profit for such delay or obstruction in the prosecution or completion of such work," and he shall not be even entitled

to the extension of time mentioned unless he shall make a claim in writing therefor, written one week after the date when the cause for such extension occurred. The term "failure or inability" is used in its most general sense, without limitation or restriction, and so includes a "failure or inability" arising from any cause, save, of course, fraud, corruption, or bad faith, and hence embraces a "failure or inability" ascribable to inaction, lack of diligence, or reasonable effort. The word "failure" has both the meaning of a failing to occur, be performed, or be produced, and of an omitting to perform something due or required. *New English Dictionary,* vol. 4, p. 22, col. 3. So the term includes a result consequent upon either action or inaction. If the meaning in the clause now being considered is to be limited to a failure after the actor has employed a degree of effort which was of as high a quality as could be expected to be reasonably made by a municipality under similar circumstances, it must be done through the restriction and limitation of the natural meaning of the words "failure or inability."

Before turning attention to the text of the contract for its bearing on this subject, it may be remarked that the acquisition of a right of way for public purposes involves rather exceptional difficulties. A right of way is an easement or estate which is usually acquired by purchase or through the sovereign's prerogative power of eminent domain. The first involves a contract, which is the result of a negotiation in which not infrequently delay is often the artifice of the owner to enforce a purchase at his own price through the urgent need of the municipality promptly to obtain the right of way; and the second is resorted to after the failure of an effort to acquire by purchase, and is, moreover, subject to the delays which are incident to contested litigation. These probable incidents in the procuring of rights of way for a public undertaking, with the length of time they necessitate depending so largely on the attitude of the third party, make reasonable the inclusion in the

contract of a stipulation which would at once protect the municipality against delay arising from any failure or inability to obtain title to or possession of any of the necessary land or property for the prosecution of the public improvement by releasing it from liability; and, also, protect the contractor by granting him, in the discretion of the engineer, an extension of the time within which he was bound to complete his contract. These sound reasons for the acceptance of the broad or general meaning of the words employed are reinforced by the other provisions of the contract.

Under the caption, "Last Payment to Terminate Liability of City," is found the stipulation that the acceptance by the contractor of the final payment of the contract price "shall operate as and be a release to the City of Baltimore, the Water Board and every member and agent thereof, from all claims and liabilities to the contractor for anything done or furnished for or relating to the work, or for any act or neglect of the city or of any person relating to or affecting this work." Since the alleged cause of action on this appeal was an act or neglect of the appellee touching and concerning the work which the appellants had undertaken, the last quoted provision makes it clear that the compensation to the appellants was intended to cover and discharge any such cause of action, and, therefore, the possible contingency of the damages now sought was a factor in the negotiation and was considered by the appellants in agreeing upon the amount of compensation which they were to receive. It follows from the clear language of the contract that the loss which the appellants assert was occasioned by the alleged negligent delay of the appellee in securing the rights of way was contemplated by the parties at the formation of the contract, and so was within the terms of the contract under which the work was done. Compare *Baltimore v. Talbott,* 120 Md. 354, 369. The effect of the entire contract was to relieve the municipality from liability for negligence in securing the necessary right of way, since there were no special cir-

cumstances present, such as the relation of master and servant or of a public' service company and its patron, to prevent the general rule in favor of the freedom of contract from prevailing. See *Adamstown Canning Co. v. Balto. & O. R. Co.,* 137 Md. 198, 207; *Printing and Numerical Registering Co. v. Sampson,* L. R. 19 Eq. 462, 465; 26 *Harvard Law Review,* pp. 742, 744; *Cowan v. Meyer,* 125 Md. 450, 466. And see *Baltimore v. Clark,* 128 Md. 291, 314, 315.

*Judgment affirmed, with costs.*