By the Court.
 

 The court has reached the following conclusions with reference to the admissibility of evidence presented upon the offers to prove by the plaintiff, the Cummins-Blair Company:
 

 On offers 1 to 6, involving the offer of the plaintiff to show that defendant interrupted plaintiff’s access to the site of the work and interfered with the bringing of materials to the job, by the construction of certain tracks, embankments, and a certain ditch upon the premises, without advising the plaintiff, prior to the execution of the contract, that it was about to do so, Marshall, C. J., Allen, Matthias and Robinson, JJ., are of opinion that this testimony was admissible, and that it was error to exclude the same.
 

 Upon the second and third groups of offers to prove, to wit, Nos. 7 to 10, inclusive, relating to the interference with plaintiff’s work caused by the alleged unreasonable delay by the owner and its contractor, the National Iron & Wire Company, in furnishing and erecting structural steel, and offers to prove Nos. 11 and 12, relating to the damages caused the plaintiff by the delays of the defendant’s sprinkler system contractor, the Globe Automatic Sprinkler Company, such offers to prove involving the same basic question, Marshall, C. J., Robinson, Allen, Matthias and Day, JJ.,
 
 *560
 
 are of opinion that said proof was admissible, and that the trial court erred in excluding the same.
 

 On the next group of offers to prove, Nos. 13 to 20, inclusive, involving the question of the relation of the Osborn Engineering Company, the architect and engineer in charge of the construction, and the right of the plaintiff to recover damages from the owner by reason of the delay caused by the inadequacy of the designs, drawings, and plans, and other inefficiencies on the part of the engineering company, Marshall, C. J., Robinson, Allen, Matthias, Kinkade and Day, JJ., all the judges participating in the consideration of this case, are of opinion that it was error to exclude such offers to prove, and that the evidence relative thereto was admissible.
 

 As to offer No. 21, relative to the extra work orders and the claim of the plaintiff that these orders, thirty-four in number, issued by the architect, disrupted and delayed the orderly, economical, and efficient prosecution of the work called for by the plans and specifications, Robinson, Allen, Matthias, Day and Kinkade, JJ., are of opinion that such testimony was properly excluded by the trial court and that the same was not admissible.
 

 Upon offer No. 22, going to the orderly and economical sequence of the plaintiff’s work and of the damages to the plaintiff by reason of weather conditions, high labor, and material costs, under which the plaintiff had to perform the work, the judges participating in the consideration of this matter are all of opinion that offer to prove No. 22 was properly refused by the trial court.
 

 As to request No. 23, relating to the manner and
 
 *561
 
 form in which plaintiff prosecuted the work required of it by the contract, the judges participating herein are of the opinion that such testimony should have been received, and it was error on the part of the trial court to reject the same.
 

 As to request No. 24, the same being of such general, sweeping and argumentative character, the judges participating herein are of opinion that the same was properly rejected by the trial court in the form in which it was presented.
 

 As to request No. 25, bearing upon the question of the damages sustained by the plaintiff below, Marshall, C. J., Allen, Matthias, Day and Robinson, JJ., are of the opinion that it was error to exclude the offer of proof made therein.
 

 As to the twenty-sixth offer to prove, relating to the claims of the plaintiff upon the thirty-four separate items of extra work.orders, the judges participating herein are of opinion that it was error to reject the evidence thereof as embodied in the offer to prove.
 

 Jones, Justice, took no part in the consideration or decision of this case.
 

 The judgment of the Court of Appeals should be modified in the respects indicated by the majority of the judges participating herein, and, so modified, said judgment is affirmed.
 

 Judgment modified and affirmed as modified.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.
 

 Jones, J., not participating.