## STATE ex Coleman, v. CHRISTMANN.

Ohio Appeals, 4th Dist., Hocking Co.

No. 114. Decided Sept. 1, 1927.

Judges Cushing, Mills and Allread, sitting.

First Publication of This Opinion.

### Syllabus by Editorial Staff.

1065. SCHOOLS AND SCHOOL DISTRICTS—865. Office and Officers—1104. Statutes—1277. Words and Phrases.

1. Board of education has authority, on hearing, to dismiss county superintendent for inefficiency, neglect of duty, immorality or improper conduct.

2. Provisions in 7706 GC. that county superintendent shall "Visit the schools in the county school district" held to require county superintendent to visit all the schools in the county school district.

3. Provision in this section that "the county superintendent shall spend not less than one-half of his working time in actual class room supervision" held to require superintendent to be in the class rooms and inspect, superintend, and oversee the school work.

In Quo Warranto.

Eugene Wright, Logan, for State ex.
Ballard, Jones & Price and Wm. J. Ford, Columbus, for Christmann.

FULL TEXT.

CUSHING, J.

The relator prosecutes quo warranto against the respondent under Section 12307 General Code, claiming that he is entitled to the office of County Superintendent of Schools of Hocking County, Ohio, and that the respondent unlawfully holds said office and pretends that he has authority to act as such Superintendent.

The relator prays that a judgment of ouster may be entered against respondent, and that he be adjudged to be entitled to the office.

This case was before the Supreme Court of Ohio under the title of Christmann v. Coleman, 116 Ohio St. 564, (Ohio L. B. & R. Aug. 8, 1927). That Court disposed of the questions of law, and remanded the case to this Court for a determination of the following facts:

(1) Did the County Board of Education act on evidence in its consideration of the charges filed against George W. Christmann, County Superintendent, when it removed him from said office?

(2) Did said County Board of Education, in dismissing respondent, act fraudulently, corruptly, and in pursuance of a collusive agreement in its consideration of said charges?

(3) Did said Board of Education, in reaching the conclusion it did, abuse the discretion vested in it by Section 7701 General Code?

At the hearing of the charges, said Board of Education called numerous witnesses. The transcript contains 262 pages of testimony. There is no dispute in the record that the respondent did not visit all the schools, and that he collected money from the County Board of Education for hauling State employes over the county.

Our conclusion from the record is that said Board acted on evidence, in reaching the conclusion it did, and that it did not act arbitrarily.

Section 7701 General Code, and the decision of the Supreme Court, supra, vests in the Board of Education authority, on a hearing, to dismiss a County Superintendent for inefficiency, neglect of duty, immorality, or improper conduct.

There was no evidence of immorality. There was evidence of inefficiency, neglect of duty, and improper conduct, and the claim that the Board acted fraudulently, corruptly, etc., is not sustained by the record.

The only basis for the claim that said Board abused its discretion was the difference between the Board and the Superintendent as to the meaning of the language of the General Assembly, as stated in Section 7706 General Code. The office, qualifications, and duties of the County Superintendent of Schools are statutory. The pertinent parts of said section are: "The county superintendent shall visit the

schools in the county school district. The county superintendent shall spend not less than one-half of his working time in actual class room supervision."

The construction placed on this section of the statute by the Board was, that the language "shall visit the schools" meant that the superintendent was required to visit all the schools in the county school district. The language of the statute is plain and unambiguous. The Board correctly interpreted and applied the statute. The excuse of the county superintendent that he did not feel welcome in certain townships, and that the roads were bad in other places, was not a valid excuse for failing to perform his duties as such superintendent.

The other part of the statute in dispute was with reference to class-room supervision. The Board construed that language to mean that the respondent should be in the class-room and inspect, superintend, and oversee the school work. The superintendent took the view, as he testified before the Board, that "class-room supervision doesn't mean visitation."

"Q. How can you supervise a classroom, if you are not there to supervise?

"A. From my office.

"Q. How much of it did you do from your office, Mr. Christmann?

"A. I imagine I did about half of it from my office."

It has been held that supervision means more than the power to advise and suggest. It imposes the duty to oversee, review, and correct the errors of those over whom supervision is to be exercised.

The County Superintendent did not perform the duties imposed by the statute. The County Board of Education correctly interpreted the statute, and did not abuse the discretion vested in it, in dismissing Christmann from the position of County Superintendent of Schools of Hocking County, Ohio.

A decree will be entered as prayed for in relator's petition.

(Mills and Allread, JJ., concur.)