Nix, Inc., Appellant, *v.* City of Columbus, Appellee.*

(No. 6243—Decided December 1, 1959.)

*Messrs. Knepper, White, Richards, Miller & Roberts, Mr. Hugh A. Sherer* and *Mr. John A. Jenkins,* for appellant.

*Mr. Russell Leach,* city attorney, and *Mr. Alba L. Whiteside,* for appellee.

Wiseman, P. J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County sustaining a general demurrer to plaintiff's petition and, the plaintiff electing not to plead further, dismissing the action.

---
*Motion to certify the record overruled, June 1, 1960.

The plaintiff, appellant herein, Nix, Inc., hereinafter will be referred to as plaintiff, and the defendant, appellee herein, the city of Columbus, hereinafter will be referred to as the defendant.

The amended petition of the plaintiff consists of two causes of action. In the first cause of action plaintiff sued to recover $10,374.59 which it alleged was the balance due under a written contract, and in the second cause of action plaintiff sued to recover $94,068.80 for breach of contract. The defendant demurred to both causes of action on the ground that the facts alleged do not show a cause of action. The demurrer was sustained to both causes of action.

In the first cause of action plaintiff alleges that it entered into a written contract whereby plaintiff agreed to construct a bridge across Sunbury Road; that plaintiff completed the work under the contract and the engineers of the defendant certified that plaintiff had completed all the work in accordance with the terms of the contract; that under the contract the defendant was authorized to retain two per cent of the contract price for a period of one year subsequent to the date of the final acceptance of the work; that the defendant has paid 98 per cent of the contract price; that at the expiration of one year all the work was in good order; that defendant admits that it owes the 2 per cent reserved, to wit, $10,374.59 plus interest, but refuses to pay the same to the plaintiff, except on condition that the acceptance thereof shall operate as a full release of all claims which plaintiff may have against the defendant, including plaintiff's claim for damages as set forth in the second cause of action; and that plaintiff is entitled to recover $10,374.59 plus interest.

In its second cause of action plaintiff alleges that the written contract, which is incorporated in the amended petition, made it the obligation of the defendant to acquire the land, referred to as the right of way, for the location of the bridge and road and the construction thereof; that the contract contained the certificate of the Director of the Department of Public Service of the defendant, certifying as follows: "I hereby certify that the additional right of way required for the relocation of this road has been provided by the city of Columbus, Ohio"; that defendant established December 31, 1953, as the date when

the plaintiff was to begin work under the contract; that plaintiff was at all times ready and able to proceed with the work and to complete the contract within the 470 days provided by the terms of the contract; and that the defendant failed and neglected to make available the required right of way for the construction of said bridge and road on the date the defendant established as the beginning of said contract, or within a reasonable time thereafter. Plaintiff alleges that it notified the defendant at numerous times that the failure of the defendant to acquire the right of way was interfering with the progress of the work and would prevent the plaintiff from completing its work in the time specified in said contract; that by reason of the failure of the defendant to acquire the right of way the plaintiff was not only delayed for a period of over four months, but was caused to do certain work off-season, during the rainy season and resulting high water in the stream and required to do other work during severe winter weather, instead of during the summer months as contemplated by the plaintiff; and that as a consequence the plaintiff was put to extra expense in the performance and completion of the contract. Plaintiff alleges that the contract completion date was April 6, 1955; that on April 7, 1955, the defendant granted the plaintiff a time extension of 156 days, and on January 20, 1956, the defendant extended the completion date 218 days, to April 15, 1956; and that but for the failure of the defendant to acquire the right of way the work would have been completed within the 470 days as agreed to in the contract, but, because of such failure and neglect of the defendant, the plaintiff was prevented from completing the contract before February 29, 1956. Plaintiff alleges it has presented to the defendant a detailed written statement of its claim, and requested payment, but defendant has not responded. Plaintiff alleges further that:

"Sections D-1.07, 1.15 and 1.21 of the specifications incorporated herein by reference are not applicable to the claims set forth in this cause of action for the reason that such damages were not in the minds or contemplation of the parties when the agreement was executed since the agreement itself was based on the assumption by both parties that the complete right-of-way had been secured; that the language of said sections does not

cover the factual situation herein set forth; and that the defendant cannot rely on said sections, after breaching a fundamental obligation of the contract.''

Plaintiff sets forth an itemization of its claim for damages in the sum of $94,068.80, for which amount it prays judgment.

The errors assigned by plaintiff are: Error in sustaining the demurrer to the first and second causes of action, and error in dismissing the action.

In the first cause of action plaintiff alleges that it has completed the work according to the terms of the contract; that the work has been accepted by the defendant; and that the 2 per cent of the contract price which was retained by the defendant for a period of one year after the completion of work is now due the plaintiff, but that the defendant refuses to pay said amount except on condition that the acceptance thereof by the plaintiff operate as a complete release from all liability of the defendant to the plaintiff, including the claim for damages set up in the second cause of action.

We are required to examine the contract to determine their rights. Section D-1.37, in addition to the provision for payment of the 2 per cent after the expiration of one year, provides as follows:

''The acceptance by the contractor of such final payment shall operate as and shall be a release to the city, and all officers or agents thereof, from all claim and liability to the contractor for any reason whatsoever.''

The rationale of the ruling of the trial court is that, since the plaintiff was suing on the contract, it was legally bound by the provisions of the contract; that, by reason of the above-quoted provision in the contract, the acceptance of the final payment operates as a release of all claims for damages; and that by the terms of the contract the plaintiff is not entitled to receive final payment without thereby releasing the defendant from all claims of the plaintiff ''for any reason whatsoever.'' The court held that, since plaintiff did not allege that the defendant refused to make the final payment pursuant to the terms of the contract, no cause of action is alleged, citing *Raudebaugh* v. *Hart*, 61 Ohio St., 73, 55 N. E., 214, the third paragraph of the syllabus reading as follows:

"A petition declaring upon such contract, which contains neither an allegation of performance nor of tender of performance, will be held bad on general demurrer."

The plaintiff here contends that the above-quoted provision of the contract does not operate to release the defendant from a claim of the plaintiff based on breach of contract as alleged in the second cause of action. It is obvious that the question, whether the first cause of action is good against general demurrer, hinges on the validity of the claim for damages alleged in the second cause of action. We come now to consider whether plaintiff has a good and valid claim for damages for breach of contract, as alleged in the second cause of action. This claim is based on the conceded fact that the contract recites that the defendant had acquired the land necessary for the right of way, whereas in truth and in fact it had not done so. As a consequence the plaintiff's work could not start on December 31, 1953, the date established by the defendant, but was delayed until May 5, 1954, and that, by reason thereof, the work was thrown off a seasonal schedule, causing plaintiff additional expense and damage. The underlying cause for the breach of contract and resulting damage, as alleged, was the failure to make available the "right of way." True, the plaintiff applied for and was granted two extensions of time within which to complete the work. We later discuss the legal effect of the extensions of time.

With respect to plaintiff's claim for damages, we are required to consider several provisions of the contract as follows: Section D-1.07 in part provides as follows:

"The contractor shall not be entitled to any claims for damages for any hindrance or delay from any cause whatever in the progress of the work, or any portion thereof, but *said hindrance may entitle such contractor to such extension of time for completing the contract as may be determined by the engineer*; * * *." (Emphasis ours.)

Section D-1.15 in part provides as follows:

"The Director of Public Service reserves the right of suspending the whole or any part of the work herein contracted to be done if he shall determine it for the interest of the city of Columbus to do so, without compensation to the contractor for

such suspension. *If the said work shall be delayed in consequence of any act, or omission, of the Director of Public Service, (which shall be determined by the Director of Public Service whose determination and certification thereof shall be binding and conclusive on the contractor)* * * * the contractor is to be entitled to such additional time wherein to complete the contract on his part as the Director of Public Service in his judgment shall deem to be just, but no allowances by way of damages shall be made for any of the above delays." (Emphasis ours.)

Section D-1.21 provides as follows:

"If the contractor shall claim compensation for any damage sustained by reason of acts of the Director of Public Service or any other official or agent thereof, he shall, within one week after the sustaining of such damages, make a written statement to the Engineer of the nature of the damages sustained and shall, on or before the 15th (fifteenth) day of the month succeeding that in which any damage shall have been sustained, file with the Engineer an itemized statement of the details and amount of such damage, *and unless such statement shall be made as thus required, his claim for compensation shall be forfeited and invalidated, and he shall not be entitled to payment on account of any such damage.*" (Emphasis ours.)

With respect to the effect of the acceptance of the final payment, we refer again to Section D-1.37, quoted above, and, also, to Section D-1.40 which in part provides as follows:

"The acceptance by the contractor of the last payment shall operate and be a release to the city of Columbus and every official and agent thereof, from all claims and liabilities to the contractor for everything done or furnished for or relating to the work, or for any act or neglect of the city of any person relating to or affecting the work."

In giving the proper legal effect to the clear and unambiguous provisions of the contract, we would be required to hold that the failure of the plaintiff to file its claim for damages as required under the contract would bar recovery, and that the acceptance of the final payment would operate as a complete release of the defendant from any and all claims which plaintiff may have for damages. This was the rationale of the ruling of the trial court in sustaining the demurrer to the second cause of

action.  But the plaintiff contends that the terms of the contract are not controlling or binding where the claim for damages is based on a breach of contract as alleged, *i. e.*, for failure of the defendant to provide the "right of way."  The point is made that damages for breach of contract for failure to provide the right of way were not within the contemplation of the parties at the time the contract was executed; and that as a consequence the acceptance of final payment by the plaintiff would not operate as a release of plaintiff's claim for damages as alleged.  In brief, plaintiff contends the "no damage" clause and the "filing of claim" clause in the contract do not apply, as there was no meeting of the the minds with respect to the application of these provisions under a claim for damages for failure to provide the right of way.

Without question both parties assumed at the time the contract was executed that the right of way was available.  The defendant contends that the plaintiff, upon learning of the failure of the defendant to provide the right of way, was required to elect whether it would abandon the contract or proceed, and that, having elected to proceed, it cannot now be heard to complain.  We reject this proposition as unsound.  The plaintiff had two remedies, either to rescind the contract, or proceed to completion and assert its claim for damages.  *Underground Construction Co.* v. *Sanitary District of Chicago,* 367 Ill., 360, 11 N. E. (2d), 361, 115 A. L. R., 57.  Especially is this true where the contractor protested the delays as in the case at bar. See 115 A. L. R., 65, at page 80.

It was the obligation of the defendant to provide a right of way on which the plaintiff could begin and perform its work without hindrance or delay.  A breach of such obligation gives a right to damages.  *Visintine & Co.* v. *New York, Chicago & St. Louis Rd. Co.,* 169 Ohio St., 505, 160 N. E. (2d), 311; *Mason Tire & Rubber Co.* v. *Cummins-Blair Co.,* 116 Ohio St., 554, 157 N. E., 367.  However, the application of this elementary principle of contract law does not reach the question here presented.

Does plaintiff's claim for breach of contract for failure to provide the "right of way" fall within or outside the provisions of the contract quoted above   We find no reported case in Ohio touching this precise question.  Many cases have been cited by

counsel in support of their respective claims. The court does not deem it necessary to discuss or cite numerous authorities. Many of the cases cited furnish no real precedent in resolving the question presented here. The cases turn on the cause of delay and the specific provisions of the contract respecting the right of the contractor to assert a claim for damages. Two extensive annotations on the subject are found in 115 A. L. R., 65, and 10 A. L. R. (2d), 801. A headnote is found in 115 A. L. R., 77, which reads as follows:

"There seems to be no question but that the right of a building or construction contractor to recover damages resulting from the delay caused by default of the contractee may be precluded by the provisions of the contract. However, as the cases cited herein show, the courts have generally construed such provisions rather strictly.

"Whether the contract provisions do preclude the recovery of damages for delay caused by a default of the contractee depends on the terms of the particular contract provisions, the nature of the default, and the various other circumstances of the particular case."

With respect to the effect of an extension of time in case of delay, the headnote reads as follows:

"A contract provision allowing a building or construction contractor an extension of time in which to complete the work, in case of delay caused by the contractee, has been generally held (although there is some authority to the contrary), in the absence of a further express provision against damages for delay (see heading 'Provision against damages for delay,' infra), not to preclude the contractor from recovering damages resulting from the delay caused by default of the contractee."

On page 80 of the same work, the headnote is as follows:

"Building and construction contracts frequently contain express provisions against the recovery of damages resulting from delay caused by the contractee, and such provisions have been held to be valid, and, *when applicable*, to preclude the contractor from recovering damages." (Emphasis ours.)

Under that headnote, a case cited by the defendant is discussed. In *Christhilf* v. *Baltimore*, 152 Md., 204, 136 A., 527, it was held that the contractor could not recover for delay in

securing a right of way, where the contractor knew that the city did not own the right of way, and where the contract provided that, if the contractor was delayed because of failure to obtain the right of way, an extension of time would be granted, that the contractor would have no claim for damages on account of the delay. In that case the contract contained a provision similar to the provision in the contract involved here, to the effect that the acceptance of the final payment would release the city from all claims growing out of the work. However, in the cited case the contractor had knowledge that the city did not own the right of way. In the case at bar the plaintiff had no knowledge of this fact, and both parties assumed the defendant had acquired the right of way. On page 84 of 115 A. L. R. there begins a discussion of a line of cases where the contractor is not denied a right of recovery for damages by the express provisions in the contract that the contractor will not be entitled to damages because of delay by the contractee, where the delay is for an unreasonable period of time or where the delay is caused by the failure to provide a site. In such cases the courts have held that the delay and resulting damages were not within the contemplation of the parties and, consequently, did not fall within the terms of the contract. In *Sheehan* v. *Pittsburgh*, 213 Pa., 133, 62 A., 642, where a contract for street improvements provided that all loss or damage arising out of the nature of the work or from any unforeseen difficulties encountered should be sustained by the contractor, and that the contractor shall make no charge for any delay from any cause during the progress of the work, but that the delay might justify an extension of time, it was held that in spite of these provisions the contractor could recover damages for delay in securing the right of way, where both parties assumed that the right of way had been acquired when the contract was made. The defendant points out that the contract in the cited case did not contain a provision similar to Section D-1.15 quoted above. However, the contract provision seeking to bar the contractor from a right to recover damages because of delays of the contractee are sufficiently broad to furnish a precedent. Moreover, the rationale of the opinion is that both parties assumed that the right of way had been acquired, which was the fact in the case at bar. We quote a portion of the opinion of the court at page 134 of 213 Pa., as follows·

"Notwithstanding the breadth of the language of the agreement that all loss or damages from unforeseen obstructions and difficulties and from delay, were to be borne by the contractors, it is clear that the delay from the city's failure to obtain complete right of way was not in the class of difficulties and delays which were in the minds of the parties, for the agreement itself was based on the assumption by both parties that the complete right of way had been secured so that the work could be begun at any point and proceed without interruption.

"For the same reason the provision for extension of time only on written assent by the director of public works is not applicable.

"There was therefore no breach of the agreement by the plaintiffs which prevented them from recovering, and the authorities are clear that they were not bound to abandon the work or to be taken as having waived the delay caused by the city. While they might have abandoned it, they had the option to continue and claim the damages caused by the city's fault."

In *Dallas* v. *Shortall* (Tex. Civ. App.), 87 S. W. (2d), 844, the contractor was permitted to recover damages for delay on sewer construction work, where the delay was due to the failure to acquire a right of way, in spite of contract provisions that the contractor should not be entitled to damages for any delay from any cause whatever in the progress of the work, but that such contractor might have an extension of time. The court regarded the delay as not of the character contemplated by the contract. In 10 A. L. R. (2d), 801, is found an extensive annotation on the subject of "Validity, construction and application of 'no damage' clause with respect to delay in construction contract." On page 806 is found a headnote reading as follows:

"Whether provisions precluding recovery by a contractor for damages resulting from a delay are applicable to delays caused by the failure of the contractee to procure a right of way over the land upon which work is to be done, so as to enable the contractor to proceed with the work without interference by the property owner, depends to some extent upon the phraseology of the particular 'no damage' provision, with due consideration given to other provisions of the particular con-

tract. And knowledge of the contractor at the time the contract was executed as to the nonexistence of a right of way may have some bearing on the question.''

The cases of *Dallas* v. *Shortall* and *Sheehan* v. *Pittsburgh* are cited in support of the right of recovery. Also cited is the case of *Wilson & English Construction Co.* v. *New York Central Rd. Co.*, 240 App. Div., 479, 269 N. Y. Supp., 874, where a provision in a contract for the construction of a spur tract, that the contractor would not be entitled to claim or receive from the contractee any sum whatever in excess of the contract price by reason of any delay caused in such work by the contractee, was held not to preclude a recovery by the contractor for damages for a delay caused by the failure of the railroad company to provide a right of way, where the fact that the contractee did not have a right of way was not disclosed to the contractor. *Contra*, the cases of *Christhilf* v. *Baltimore, supra*, where the contractor knew that the contractee did not have the right of way at the time the contract was made, and *Manerud* v. *Eugene*, 62 Ore., 196, 124 P., 622, relied on by the defendant.

Finally, we consider the case of *Pitt Construction Co.* v. *City of Dayton*, 237 F., 305 (C. C. A., Sixth Circuit, 1916), where the contract did not contain a provision similar to Section D-1.15, but did contain provisions intended to bar the contractor in claiming damages arising out of the work, or from any unforeseen difficulties, or any other risk, and which case holds:

''* * * that where the municipality did not furnish the right of way as the contract required, and its failure seasonably to obtain the right of way damaged the contractor, it cannot escape liability for injuries resulting from delay in obtaining the right of way; the provisions relating to loss to the contractor not referring to a breach of the contract by the municipality.''

On the question whether the contractor was required to file a claim as provided in the ''filing of claim'' clause in the contract, the court held:

''* * * that in view of the situation of the parties, the provision as to waiver of claims does not apply to a claim for damages arising out of the municipality's own breach of contract in failing to furnish the right of way until after the time for per-

formance of the contract had expired; this being true though the municipality had grounds for believing that it owned the right of way."

We quote from the opinion of the court, which was written by Judge Warrington, at page 311, as follows:

"* * * The contention is that, by the language here employed, the parties actually meant to include 'damages' or 'extra remuneration' based on a breach committed by the city itself of an essential provision of the contract. To contend that such a breach was within the contemplation of the parties is to say the city might break the contract as to a matter which underlay the whole contemplated work and still insist that the contractor should be bound by the contract; in other words, it is to say that the parties understandingly and intentionally declared by the language of section 33 that through the contractor's nonobservance of the 14 days' limitation the city could escape the consequences, indeed take advantage, of its own wrong. This is to strain, not rationally to interpret, the language. The fundamental undertakings of the city were two, one to furnish the right of way and the other to pay for the improvement. The one was as necessary to the end to be achieved as the other; and we cannot think that, when using the language of section 33, the city's breach of its covenant to furnish the right of way, any more than a breach of its promise to pay for the improvement, was within the contemplation of either of the parties. These views would entitle plaintiff to recover, notwithstanding the language of section 33, if it should be proved that the damages claimed were the direct result of the city's breach of its covenant to furnish the right of way; for damages of that kind must be treated as falling outside of the contract. This conclusion is, in principle, sanctioned by well-considered decisions."

In the case at bar, Section D-1.15 of the contract under construction refers to acts of the service director during the progress of the work, and has no application to the failure of the city of Columbus to obtain the right of way.

In every case where the contractor had no knowledge that the contractee did not have the right of way, the contractor was permitted to recover damages for the delay caused by the failure to have the right of way, *a fortiori*, where, as in this case,

both parties signed the contract on the assumption that the defendant had acquired the right of way. The rationale of the opinions of the courts in those cases is that the "no damage" provision in the contract has no application, on the ground that the damages arising from the delay were not within the contemplation of the parties at the time the contract was made. Such ruling appears to this court to be a sound proposition of law and the better reasoning and more in accord with our sense of justice.

The acceptance by a contractor of an extension of time in which to complete the work has been held not to be a waiver of his right to recover damages resulting from the delay caused by the default of the contractee. See 115 A. L. R., 92 (cases cited).

In our opinion the plaintiff has stated a cause of action good against a general demurrer in its second cause of action. If the claim for damages as alleged in the second cause of action is not barred by any provision of the contract, that is, if it was not within the contemplation of the parties at the time the contract was made, and we so hold, then it follows that the acceptance of final payment of the 2 per cent retained by the defendant does not release the defendant from plaintiff's claim for damages. The facts alleged in the first cause of action show a completion of the contract, acceptance of the work by the defendant, that the amount prayed for is now due, and that plaintiff is now entitled to recover said amount.

The demurrer to both causes of action should have been overruled. For error prejudicial to the rights of the plaintiff, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

CRAWFORD and KERNS, JJ., concur.

WISEMAN, P. J., CRAWFORD and KERNS, JJ., of the Second Appellate District, sitting by designation in the Tenth Appellate District.