OPINION OF THE COURT
Memorandum.
The order of County Court should be affirmed.
In 1962, défendant purchased land to mine lime for agricultural purposes, and to that end it obtained an excavation permit from the Town of Wheatland. The town ordinance provided that no excavation was to be made to "a depth *774 which, after the expiration of the permit, cannot be leveled to provide adequate drainage over contiguous land and not allow a pool of water to accumulate.” (Code of Town of Wheatland § 4-4 [A] [2].) Defendant’s first permit expired July 14, 1963, the second December 31, 1963, and the third December 31, 1965; each permit incorporated the town ordinance by reference. Excavation stopped by 1965, but backfilling of portions of the excavated land has continued into the present decade..
In 1975 the Freshwater Wetlands Act (ECL art 24) went into effect. On this appeal it is undisputed that the premises in issue became wetlands subject to the ECL. What is disputed is whether defendant’s continued activity in 1985 of backfilling approximately two to three acres of the excavated land to its prior level constitutes the misdemeanor of altering a freshwater wetland area without a permit from the Department of Environmental Conservation (DEC) (ECL 24-0701 [1]).* Defendant was convicted in Justice Court and fined $500, and County Court affirmed.
Defendant’s central argument is that backfilling was authorized by the town excavation permits, and it was therefore exempt from the DEC permit requirement by virtue of the "grandfather clause” contained in ECL 24-1305. That statute provides an exemption for "any land use, improvement or development for which final approval shall have been obtained prior to the effective date of [the Act] from the local governmental authority or authorities having jurisdiction over such land use.” (ECL 24-1305.)
The town excavation permits issued to defendant between 1962 and 1965 do not require or authorize defendant to restore the premises to their original level. There is no provision to be found in the permits, in the town ordinance, or in the record before us that permitees fill back the excavated areas; indeed, in the decades since expiration of the permits the town has never taken any action to compel restoration of the premises. The omission of any provision for backfilling *775 from the pertinent paragraph of the town ordinance (Code of Town of Wheatland § 4-1 [A] [2]) is particularly striking when contrasted with the very next paragraph of the ordinance, dealing with gravel pits. With respect to gravel pits only, the ordinance specifies that the area is to be covered, reseeded and restored to pasture land at the conclusion of the excavation (Code of Town of Wheatland § 4-4 [A] [3]).
Nor can the courts imply the missing authorization. Courts are not free to speculate or assume that backfilling is an expected incident of excavation operations (see, dissenting opn, at 778). Judicial determinations can only be based on the record made by the parties. In this case, the record contains no evidence to support an assumption that backfilling is expected, or that it was contemplated by the ordinance or permits. The record supports only the contrary conclusion.
Similarly, the handwritten notation on one of the permits— "surplus of spoils to be stockpiled and used to fill excavation areas in future” — does not constitute approval for backfilling wetlands. The notation appears on but one of defendant’s three permits; contrary to the dissent (at 777), that permit does not on its face require or even authorize backfilling, but only limits defendant to the use of spoils in the event that there is later backfilling; and it would in any event be unavailing to this defendant, because there is an undisturbed factual finding that it was backfilling the wetlands with offsite material, and therefore violated the permit.
The dissent’s reliance on the intent of the "grandfather clause” to avoid severe hardship (dissenting opn, at 776) also is misplaced here. The "grandfather clause” was motivated by legislative recognition that real injustice could result if approved projects — particularly ongoing construction projects— suddenly had to be halted in midstream because of the new law. Here, however, defendant not only lacked approval for backfilling the wetlands, but also its activity takes place a full 20 years after the expiration of one-year permits. This is not the picture of hardship that gave rise to the "grandfather clause”. Moreover, defendant acknowledged before the trial court that it knew it could have sought a permit for its recent operations from the DEC (see, 6 NYCRR 662.2 [dl; and 663.3 *776 [o]), yet it chose not to do so. Whether or not defendant’s deliberate failure to follow the administrative permit procedure should preclude judicial review — as the DEC urges— defendant cannot be heard to complain of inequity it might have avoided.

 Without a DEC permit, ECL 24-0701 prohibits "any form of dumping, filling, or depositing of any soil, stones, sand, gravel, mud, rubbish or fill of any kind, either directly or indirectly” (ECL 24-0701 [2]).