OPINION OF THE COURT
Edward H. Lehner, J.
Defendant moves to dismiss the complaint pursuant to CPLR 3212.
*938 The principle issues in this case are whether the additional work performed by the contractor entitles it to payment of an amount exceeding the contract unit price, and whether an exculpatory clause barring delay damages is enforceable in view of the city’s failure to secure a required permit from the State in order to allow the contractor to excavate at the site.
FACTS
This action arises from a publicly bid contract, entered into on June 4, 1982, in which plaintiff, as general contractor, agreed with the city to construct an athletic field at Ferry Point Park in The Bronx, abutting the intersection of the Westchester Creek and the East River.
The contract required plaintiff to excavate the site, including an area containing a weed known as "phragmites communis” (phragmites), to level the bottom and then to restore the excavated area by refilling it with previously excavated soil and materials that were free of phragmites. The contractor was to be paid at a specified dollar amount per unit of work (the unit price), which was to apply to extra work as well (art 26 of the agreement).
On October 18, 1982, after plaintiff had excavated nearly 15,000 cubic yards beyond the engineer’s estimate in the bid documents, the New York State Department of Environmental Conservation ordered all work on the project stopped and directed the city to restore a portion of the excavation since it had not obtained a permit required under the Tidal Wetlands Act (ECL art 25). In turn, the city ordered plaintiff to restore the area. This was done, a change order was issued, and plaintiff was paid an additional $183,000.
The first cause of action alleges that the city misrepresented that the appropriate wetlands excavation permit had been secured from the State. For the additional work required as a result, plaintiff seeks damages of $216,790. The fifth cause of action seeks delay damages of $58,922.
CONTENTIONS OF THE PARTIES
1. EXTRAS
The city maintains that plaintiff’s recovery for the extra work is limited to the unit price as set forth in the contract since the parties envisioned the possibility that the actual excavation might exceed the city engineer’s prebid estimate, *939 and the contract specifically states that such estimate is not a representation of the quantity of work, but a mere approximation.
Plaintiff contends that the unit price does not apply to this additional work since it differed in quality, and not merely in quantity, from the work required under the contract.
2. DELAY DAMAGES
The city maintains that delay damages are barred in the absence of gross negligence or intentional misconduct, by an exculpatory clause identical to that upheld in Kalisch-Jarcho, Inc. v City of New York (58 NY2d 377 [1983]) and Corinno Civetta Constr. Corp. v City of New York (67 NY2d 297 [1986]). It contends that the additional excavation was contemplated by the parties, relying upon Buckley & Co. v City of New York (121 AD2d 933 [1st Dept 1986], appeal dismissed 69 NY2d 742 [1987]), and that the only claim for misrepresentation or bad faith "seems to rest solely” on the inaccuracy of the engineer’s estimate.
It is further argued by the city that a claim similar to plaintiff’s claim herein, that the city delayed unreasonably in issuing the change order for restoration of the improperly excavated wetlands area, has been previously rejected in the Corinno Civetta case (67 NY2d, supra, at 316). Finally it is the city’s position that, contrary to plaintiff’s assertion, issuance of the change order to restore the wetlands violation does not constitute a breach of a fundamental affirmative obligation expressed in the contract.
Plaintiff asserts that the city’s conduct in causing the delay falls within the exceptions to thé coverage of the exculpatory clause, as set forth in Corinno Civetta (supra), and thus damages are not barred therefor. It maintains that the delay was not, as posited by the city in its reliance on the Buckley case (supra), the result of a design error, but rather occasioned by the city’s uncontemplated failure to obtain the tidal wetlands excavation permit. Furthermore, it is argued, the failure to obtain the permit amounted to either grossly negligent conduct or a failure to comply with a fundamental obligation of the contract.
DISCUSSION
Those portions of the first cause of action which seek damages for the city’s misrepresentation that it had secured *940 the appropriate permit for excavation of the tidal wetlands and for restoration of the illegally performed excavation are permitted to stand, and the city’s motion for summary judgment with respect thereto is denied. Although the Tidal Wetlands Act of 1973 had already been enacted, and inspection of the site might well have indicated the need to obtain the appropriate permit, there is nothing to demonstrate that the additional work mandated by the State as a result of the illegal excavation was within the contemplation of the parties when the contract was executed. Such work was therefore of a different character from that required under the contract, i.e., a qualitative addition thereto, and recovery is not limited to the contractual unit price.
To the extent that the first cause of action seeks damages for delays, said claim is viable for reasons similar to those set forth above with respect to the claim for additional work payments above the unit price.
As stated in Corinno Civetta Constr. Corp. v City of New York (67 NY2d 297, 309 [1986], supra) even where an enforceable clause exculpates a party from liability to a contractor for damages resulting from delays in the performance of the latter’s work (such as art 13 of the contract herein), damages may be recovered for "(1) delays caused by the contractee’s bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee’s breach of a fundamental obligation of the contract”. Situations in which the owner has failed in its obligation to make the work site available to the contractor fall within the fourth exception. (67 NY2d, supra, at 313; see also, Forward Indus. v Rolm of N. Y. Corp., 123 AD2d 374, 377 [2d Dept 1986]; Nix, Inc. v City of Columbus, 111 Ohio App 133, 171 NE2d 197, 201 [1959].)
Here, the city failed to obtain a permit required by the Tidal Wetlands Act. ECL article 25, 25-0401 — 25-0405 thereof and 6 NYCRR part 661 set forth the permit requirements. Under ECL 25-0103 the city is a "person” required to obtain such permit. (See, Weinberg, Practice Commentary, McKinney’s Cons Laws of NY, Book 17 Vi, ECL 25-0103, at 522.) Excavation without a permit in a designated wetlands area is a misdemeanor. (See, People v Genesee Lime Prods., 73 NY2d 773 [1988] [affirming conviction for violation of analogous provision of Freshwater Wetlands Act, ECL 24-0701 (1)].)
*941 Such failure on the part of the city would appear to he no less a breach of a fundamental obligation under the contract than the failure to obtain a right-of-way or title to the property designated as the construction site. (See, cases cited in Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 313, supra.) In this regard, it may well be said that, although no express provision of the contract required the city to apply for the permit, "[a]n obligation necessarily implied from the whole purpose and scope of the contract is as much a part thereof as if expressed in its wording”. (Johnson v City of New York, 191 App Div 205, 207 [2d Dept 1920], affd 231 NY 564.) Consistent with this view was the city’s representation that it had obtained the requisite permit (an assertion by plaintiff which the city has not attempted to controvert) and the closed-door nature of the city’s discussions with the State regarding the violation, by which the city appears to have undertaken responsibility therefor.
Furthermore, the city’s failure to obtain the permit was concededly "an unanticipated condition” (letter of Parks Department Assistant Commissioner Bronson Binger to plaintiff, dated Nov. 26, 1982), and thus not within the contemplation of the parties. (See, Johnson v City of New York, supra; Hawley v Orange County Flood Control Dist., 211 Cal App 2d 708, 27 Cal Rptr 478, 483 [1963] [citing Sheehan v City of Pittsburgh, 213 Pa 133, 62 A 642].)
Such delay is wholly different from the delays resulting from design defects found to have been ordinary negligence, for which damages were held not recoverable, in Buckley & Co. v City of New York (121 AD2d 933 [1st Dept 1986], appeal dismissed 69 NY2d 742 [1987], supra).
In view of the foregoing, the "no damages for delay” clause herein does not bar plaintiffs claim.