■ EARTHBANK Co., INC., Respondent, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 15, 1990, which, on reargument, adhered to its decision entered March 22, 1990, denying the City's motion for summary judgment dismissing the complaint except to the extent of recalling that portion of the prior decision which stated that the City was required to obtain a Wetlands permit and to the extent of permitting the city to raise as a defense that the obligation to obtain the Wetlands permit was on plaintiff, unanimously modified on the law, to the extent of granting the City's motion for summary judgment and otherwise affirmed, without costs.

This is an action for delay damages. The plaintiff and the defendant entered into a contract on June 4, 1982 in which plaintiff was to construct a football/soccer field at Ferry Point Park in the Bronx. A portion of the contract required the plaintiff to excavate the entire site, level the bottom area and then refill it. Because part of the site contained a wetlands area, a permit from the state was required before excavation was commenced. Plaintiff, however, commenced the excavation without a permit, and was ordered to cease excavation of the area and to refill the area until a permit was obtained. The resulting delay in completing the project and the resulting damages are the basis of this lawsuit.

The contract contained a provision obligating plaintiff to obtain "all required permits." Plaintiff's arguments that the defendant City was obligated to obtain a Wetlands permit, that the City did ultimately obtain it, and that the time requirements of the contract could not have been met if it had the obligation to obtain said permit are unavailing in light of the plain words of the contract.

Moreover, the contract contained a provision that there would be no damages for delays. While delay damages may still be recovered even though a no-damage-for-delay clause is contained in the contract when there is a breach by the City "of a fundamental, affirmative obligation", such obligation must be express and not implied. *(Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 313 [1986].) The plaintiff's contention that the City's failure to obtain a Wetlands permit constituted an implied breach of a fundamental

obligation of the contract does not meet the test of *Corinno Civetta.* Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ. *[See,* 145 Misc 2d 937.]