■ In the Matter of CITY OF HORNELL et al., Respondents, v BOARD OF ASSESSORS et al., Respondents, and ARKPORT CENTRAL SCHOOL DISTRICT, Intervenor-Appellant. [684 NYS2d 725] —Order and judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: In May 1997 petitioner City of Hornell (City) transferred property known as the Hor-

nell Municipal Airport (Airport), which is located five miles outside the City, to petitioner City of Hornell Industrial Development Agency (CHIDA), which then leased the Airport back to the City. Supreme Court erred in granting that part of the petition seeking review of the Airport's assessment for 1997 on the ground that, because of the transaction, the Airport is exempt from taxation. The sale-leaseback violates a 1993 amendment to General Municipal Law § 854 (4) prohibiting "projects which are entirely outside the sponsoring municipality" (Mem of Senate in Support of Legislation, Bill Jacket, L 1993, ch 356; *see also*, Mem of Assembly in Support of Legislation, Bill Jacket, L 1993, ch 356). We reject petitioners' contention that this was not a "project" to which that restriction applies. Pursuant to General Municipal Law § 854 (14), the sale-leaseback constitutes financial assistance by CHIDA.

We also reject petitioners' contention that the "grandfather" clause set forth in section 38 of chapter 356 of the Laws of 1993 is applicable to this project. CHIDA has not, through the issuance of its bonds, execution of leases, or the passage of an inducement resolution or bond resolution, authorized any assistance for the project prior to the effective date of chapter 356 of the Laws of 1993. Assistance provided prior to 1993 for an expansion project that was completed in 1995 did not constitute assistance for this project in 1997. The stated purpose of this project as set forth in the resolution of CHIDA approving the transaction was to confer tax exempt status on the Airport because the City was unable to reach tax agreements with the affected taxing authorities for the 1997 tax year. The resolution does not describe "the picture of hardship that gave rise to the 'grandfather clause'" (*People v Genesee Lime Prods.*, 73 NY2d 773, 775, *rearg denied* 73 NY2d 872). (Appeal from Order and Judgment of Supreme Court, Steuben County, Bradstreet, J.—RPTL.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ. [As amended by unpublished order entered Mar. 19, 1999.]